### CHASE v. DARBY.[1]

ANNUITIES—APPORTIONMENT.

An annuity, contracted to be paid by a son to his father, is not apportionable, and, upon the latter's death before the time for making a payment, no part thereof is recoverable, although he was indebted at the time of his death.

Appeal from Ionia; Davis, J. Submitted June 19, 1896. Decided July 21, 1896.

Bill by Washington V. Chase, administrator of the estate of Charles Darby, deceased, against Phœbe A. Darby, to foreclose a mortgage. Defendant filed an answer in the nature of a cross-bill, praying that the

---

[1] Rehearing denied October 6, 1896.

mortgage be canceled and discharged. From a decree for defendant, complainant appeals. Affirmed.

*Vernon H. Smith*, for complainant:

An annuity given for maintenance is apportionable. 2 Wms. Exrs. (6th Am. Ed.) 909, 910; 1 Story, Eq. Jur. §§ 479–483; Lumley, Ann. 291; Hill, Trustees, 394; 1 Am. & Eng. Enc. Law, 595, and note 4; *Attorney General* v. *Smythies*, 16 Beav. 385; *Pearly* v. *Smith*, 3 Atk. 260; *Reynish* v. *Martin*, Id. 330, 336; *Hay* v. *Palmer*, 2 P. Wms. 501; *Ex parte Smyth*, 1 Swanst. 337; *Webb* v. *Shaftesbury*, 11 Ves. 361; *Sweigart* v. *Frey*, 8 Serg. & R. 299; *Gheen* v. *Osborn*, 17 Serg. & R. 171; *Blight* v. *Blight*, 51 Pa. St. 420; *Fisher* v. *Fisher*, 4 Am. Law Jl. (N. S.) 539; *In re Lackawanna Iron & Coal Co.*, 37 N. J. Eq. 26; *Ex parte Rutledge*, Harp. Eq. 65.

*R. A. Hawley*, for defendant:

At the common law, an annuity was not apportionable, except in cases where it was given for the maintenance of a married woman living separate from her husband, or for the support of minors. 1 Am. & Eng. Enc. Law, 595; *Wiggin* v. *Swett*, 6 Metc. (Mass.) 194; *Dexter* v. *Phillips*, 121 Mass. 180; *Phelps* v. *Culver*, 6 Vt. 430; *Franks* v. *Noble*, 12 Ves. 484; *Hay* v. *Palmer*, 2 P. Wms. 501; *Manning* v. *Randolph*, 4 N. J. Law, 144; *Ex parte Smyth*, 1 Swanst. 349; *Reg.* v. *Lords Com'rs of Treasury*, 16 Q. B. 357; *Tracy* v. *Strong*, 2 Conn. 659; *Irving* v. *Rankine*, 13 Hun, 147, 79 N. Y. 636; *Kearney* v. *Cruikshank*, 117 N. Y. 95; *Stewart* v. *Swaim*, 13 Phila. 185; *Leathley* v. *Trench*, 8 Ir. Ch. 401; *Heizer* v. *Heizer*, 71 Ind. 526; *Ellerbe* v. *Ellerbe*, Speers, Eq. 328.

HOOKER, J.   Charles Darby, being the owner of 160 acres of land, conveyed the same by deed to his son Charles F. Darby on May 29, 1879, upon the promise of the latter to pay to his brothers and sisters the sum of $1,200; and, as a further consideration for the conveyance, he gave to his father a mortgage to secure the performance of an agreement to which it was collateral, which reads as follows:

"For value received, I promise to pay Charles Darby an annual annuity of three hundred and eighty-four dollars, to be paid in each and every year as long as he shall live; the first payment of said sum, as such annuity, to become due and be paid in one year from this date, and a like sum to become due and be paid to him in each and every year thereafter, so long as he shall live, on the 29th day of May, in each and every year, during his lifetime.

"It is agreed and understood, however, between the undersigned and said Charles Darby, that he may have a home with me, the undersigned; I furnishing him such home, clothing, nursing, medicines, attendance of doctors, and all other necessaries of board, lodging, and of life, in sickness and in health, during his said lifetime, and as he shall need and require any or all of the same, and he to allow and credit me therefor, for the same, in sickness and in health, always and only, the sum of two dollars per week.

"This instrument is secured by a real-estate mortgage executed by the undersigned to said Charles Darby, bearing even date herewith; the condition hereof being certain real estate this day conveyed to me by said Charles Darby.

"This dated May 29, 1879.

"CHARLES F. DARBY. [L. S.]"

Upon the back of the agreement various amounts are indorsed, and complainant, who is the administrator of Charles Darby, claims that at the date of the hearing there was due upon the contract, upon the face of the papers, $869.17. This is made up of four items, viz.: The first three consist of amounts which it is claimed were unpaid for the years 1880, 1881, and 1882, the indorsement for each of those years being $280 only. The other item is $222.84, being a proportionate part of the yearly payment, which complainant claims should be paid for the time Charles Darby lived after the last payment, made May 28, 1893; Darby having died December 28, 1893. Interest upon these sums swells the amount to the sum claimed. Charles F. Darby, the son, died on December 25, 1882, and the premises went to his widow, Phœbe, under his will. The bill was filed to foreclose the

mortgage, and the defendant, Phœbe Darby, filed an answer in the nature of a cross-bill, denying that any amount is due upon the mortgage, alleging its full payment, and praying its cancellation and discharge.

As we understand counsel, there are two questions in the case. The *first* is whether the sums indorsed for 1880, 1881, and 1882 were the balance due to Charles Darby after applying the yearly sum of $104 for board furnished by the defendant. This is a question of fact. *Second*, whether anything is collectible for the fractional year; defendant contending that these papers created an annuity, and that nothing was due for the year 1894, as the annuitant failed to reach the day when it would have been due had he lived.

It seems plain that Charles Darby lived upon the premises, at an agreed price of two dollars a week, for three years; and we see no reason for doubting the justice of the conclusion reached by the learned circuit judge, that payment in full was made for the three years in controversy.

The contract is an obligation to pay annually a sum which the parties have seen fit to call an "annual annuity." Perhaps the word "annual" should be discarded as surplusage, but, if to be given any force, it emphasizes the word "annuity," which, under 1 How. Stat. § 2, subd. 1, must be given the technical meaning, unless we can find in the contract some indication that a different meaning was intended, which we do not. If it is to be considered an annuity, it is not apportionable; the cases upon the subject being numerous, and generally uniform. See cases cited in the briefs of counsel. The exceptions generally recognized are where the annuity is granted to a married woman living separate from her husband, and for the maintenance of minors. In such case it is based upon a supposed necessity growing out of their want of capacity to contract. In Pennsylvania this has been extended to annuities given in lieu of dower, or to widows. In *Re Lackawanna Iron & Coal Co.*, 37 N. J. Eq. 26,

this apparent extension of the exception is followed, and perhaps enlarged. But the great weight of authority is against the contention of complainant. The case is so well briefed that it is unnecessary to repeat authorities. In some States they are made apportionable by statute. See *Kearney* v. *Cruikshank*, 117 N. Y. 95. The fact that Charles Darby was indebted at his death is unimportant. The contract shows that less than one-third of nis annuity was required for his board in sickness and health, and the fact that he could not or did not find the annuity adequate to his wants does not authorize a court to make a different contract from that which he was content to make for himself.

The decree of the circuit court must be affirmed, and a decree entered here dismissing complainant's bill, with costs, and declaring the mortgage satisfied, canceled, and discharged, and authorizing the record of a copy of the decree as evidence of such fact. It is so ordered.

The other Justices concurred.