MITCHELL (individually and as executrix and trustee), Respondent, vs. MITCHELL and others, Appellants.

*October 6—October 24. 1905.*

*Wills: Construction: Trusts.*

1. If, taking a will as a whole in the light of the subjects dealt with, its meaning is plain, there is no legitimate room for judicial construction.

2. A will gave to testator's wife, as trustee, all his property "with the exception of five hundred thousand dollars ($500,000) in trust for" certain specified purposes, and in a later clause gave to her, "for her own use and benefit, all the rest, residue, and remainder" of his estate. *Held*, that the $500,000 was not given in trust by the clause first quoted, but, being otherwise undisposed of, was given by the residuary clause.

APPEAL from a judgment of the circuit court for Milwaukee county: WARREN D. TARRANT, Circuit Judge. *Affirmed.*

Action for the construction of a will, which was in the words following:

"(1) I, John L. Mitchell, of the City and County of Milwaukee and State of Wisconsin, being of sound mind and memory, do make, publish and declare this my last will and testament in manner following:

"(2) I give, bequeath and devise to my beloved wife, *Harriet D. Mitchell*, as trustee, all the property, real and personal of which I shall die seized or possessed, with the exception of five hundred thousand dollars ($500,000.00) in trust for the following purposes, towit:

"(3) That she shall use and dispose of the net income of the property so held by her in trust, for the support of herself, and the support and education of my children living at the

time of my decease, and such other disposition of said net income as she in her judgment shall think best, excepting, however that no part of said income shall be applied to the support or education of my son, David Ferguson Mitchell, for the reason that he is already provided for by the liberal bequest to him by his grandfather, Alexander Mitchell.

"(4) From and after the decease of the said *Harriet D. Mitchell,* I do give, bequeath and devise all said estate held by her in trust, to my children living at the time of my decease, excepting the said David Ferguson Mitchell, to be divided between them, share and share alike, to have and to hold the same to them and their heirs and assigns forever.

"JOHN L. MITCHELL.

"(5) I do especially direct my said wife, as such trustee, to carry out and perform all the provisions of my said father's will, including the payment of the legacies bequeathed by him to my son David Ferguson Mitchell and Bella Mackie; and also the annuities to my mother *Martha Mitchell,* and Jessie Mitchell.

"(6) I give and bequeath to my said wife, for her own use and benefit, all the rest residue and remainder of my estate, real and personal and of every kind and description, of which I shall die seized or possessed, and I hereby constitute her my residuary legatee. And the said *Harriet D. Mitchell,* as such trustee and as executrix hereinafter appointed, shall have full power and authority to sell and convey any and all real estate of which I shall die seized, and to sell and dispose of all such personal estate of which I shall die possessed and to invest and reinvest the proceeds thereof as in her judgment she may think best for the interest of herself and my children.

"(7) I nominate and appoint the said *Harriet D. Mitchell* the sole executrix of this my last will and testament, and request that no bonds be required of her either as executrix, trustee or guardian.

"(8) The bequests herein to my wife are to be received by her in lieu of dower and of all claim against my estate.

"I hereby revoke all former wills by me made.

"JOHN L. MITCHELL.

"In witness whereof, I have hereunto set my hand and seal this 14th day of May, A. D. 1888.

"JOHN L. MITCHELL."

The claim of the plaintiff was that all property of the testator, except $500,000, was willed to *Harriet D. Mitchell* in trust for purposes specified, and that the $500,000 was willed to her absolutely under the residuary clause.

The claim of defendants was that the will created two trusts, one of $500,000 for the purposes specified in clause three (3), and one of the rest of the testator's property for the purpose specified particularly in clause five (5), and that the residuary clause referred not to the $500,000, but to the property that might be left out of the body of the estate after completing the execution of the will of Alexander Mitchell, father of the testator. The claim of the plaintiff prevailed, and the defendants appeal.

For the appellants there was a brief by *Tallmadge Hamilton,* guardian *ad litem,* and *Markham, Hamilton & Markham,* attorneys, and oral argument by *Tallmadge Hamilton.*

*John F. Harper,* of counsel, for the respondent *Harriet D. Mitchell.*

For the respondent *Harriet D. Mitchell* as executrix, etc., the cause was submitted on the brief of *Washington Becker.*

MARSHALL, J. The judgment appealed from must be affirmed on the ground that the plain meaning of the will is that attributed thereto by the trial court. By the second clause the sum of $500,000 is, in unmistakable words, carved out of the entire estate of the testator, the residue being bequeathed and devised in trust for the purposes definitely pointed out in the third and fifth clauses, remainder over, as indicated in the fourth clause. The only residue there could possibly be was the $500,000 excepted out of the trust created as aforesaid. That was therefore necessarily included in the sixth clause, making *Harriet D. Mitchell* residuary legatee.

A will is not to be read in the light of rules for judicial construction merely because its meaning is challenged, and the challenge supported by reasoning on the assumption that such

meaning is obscure. Often obscurity claimed to exist in such an instrument is but the mere creation of the mind of the claimant, not one originating with the maker of the paper. The first duty in examining a will for its purpose is to proceed as if it was unambiguously expressed. If, taking the will as a whole in the light of the subjects dealt with, its meaning is plain, there is no legitimate room for judicial construction, and none should be attempted. *Holmes v. Walter,* 118 Wis. 409, 95 N. W. 380; *Johnson v. Pugh,* 110 Wis. 167, 85 N. W. 641; *Hart v. Hart,* 117 Wis. 639, 94 N. W. 890. There is no such room in the will before us.

*By the Court.*—The judgment is affirmed.