Estate of Judson: Patterson and others, Appellants, vs. Fuller, Administrator, and another, imp., Respondents.

*December 4, 1918—January 7, 1919.*

*Wills: Implied revocation: Death of all beneficiaries: Nature of estate given: "Heirs and assigns:" Evidence to show intention, contrary to will: Refusing probate: Harmless errors.*

1. Where all the beneficiaries named in a will, none of whom was related to the testator, died during his lifetime, the will was impliedly revoked and became inoperative.
2. Where by such will property was given to persons named "and to their heirs and assigns," the latter words were merely words of limitation, descriptive of the nature of the estate given; and no estate passed to such heirs or assigns.
3. The language of the will being plain and certain in meaning, testimony to show that the testator intended that in case of

the death of the beneficiaries the property should go to their heirs was not admissible.

4. There was in such case no material error or irregularity in denying probate to the will when it was first presented, rather than admitting it to probate and afterwards holding it inoperative because there were no beneficiaries who would take under it.

APPEAL from a judgment of the circuit court for Waukesha county: MARTIN L. LUECK, Circuit Judge. *Affirmed.*

This is an appeal from a judgment entered in the court below on the 25th day of February, 1918, refusing probate of an instrument propounded as the will of Isaac N. Judson, deceased, and appointing an administrator in said estate.

The petition for administration, among other things, stated upon information and belief that a certain instrument in writing purporting to be a will of said deceased existed, and that petitioner had no information as to the validity thereof, therefore alleged the same to be invalid; and further alleged that the beneficiaries and persons named as executors all predeceased said Isaac N. Judson and were in no way related to him.

The county court ordered a hearing of the petition and directed notice to be given, which was done. The order for hearing provided that at the time and place of hearing the matter of admission of said instrument as the last will of deceased and all other matters and things as to the effect and validity of said instrument be adjudged and determined.

After hearing in the county court the court ordered and adjudged that the instrument propounded for probate as the will of Isaac N. Judson, deceased, was revoked by reason of the death of John Patterson and Andrew Aitken during the lifetime of said Isaac N. Judson, and denied the probate thereof; and further decreed that said Isaac N. Judson died intestate, and ordered that administration of his estate be granted.

The circuit court found that Isaac N. Judson died May 3, 1917, leaving an instrument propounded for probate, dated

Estate of Judson, 168 Wis. 361.

March 16, 1878, and being the instrument whose admission to probate is requested by the heirs of John Patterson and Andrew Aitken; that said instrument was duly executed as required by law, and that Isaac N. Judson was of full age, sound mind, and competent, and not under any undue influence or restraint; that John Patterson, who was named as executor and one of the beneficiaries, was not related by blood or marriage to Judson, and died leaving as his heirs at law *Jennie P. Milham, Clara J. Patterson,* and *Chauncey J. Patterson;* that John Patterson died May 30, 1891, and continuously lived in Waukesha up to the time of his death; that Andrew Aitken, one of the executors and beneficiaries, was not related in any way to Judson, and died June 20, 1906, having been a resident, continuously, of Waukesha, Wisconsin, and left him one child surviving, *Edith M. Aitken;* that Judson, at the date of execution of his will March 16, 1878, resided on property owned by him just outside of Waukesha, Wisconsin, and continued to live there up to about two years prior to his death, when he became an inmate of the poorhouse, where he resided at the date of his death.

As conclusions of law the court found that said instrument so propounded for probate "was revoked by reason of the death of said John Patterson and of the said Andrew Aitken during the lifetime of said Isaac N. Judson, and thereupon said instrument became and was null and void;" that Isaac N. Judson died intestate; that probate of said instrument as the last will of said Isaac N. Judson be denied and administration be granted to *Milton A. Fuller.*

For the appellants the cause was submitted on the brief of *Frame & Blackstone* of Waukesha.

For the respondents there was a brief by *V. H. Tichenor* of Waukesha, attorney for the administrator, and *Tullar & Tullar* of Waukesha, attorneys for *Frank Welton.*

KERWIN, J.   The will in this case became inoperative because the legatees named therein predeceased the testator,

therefore it was proper to grant administration upon the estate of the alleged testator, Isaac N. Judson.

The principal question involved here is whether there was an implied revocation of the will. It seems to be well settled at common law that where the legatees all predecease the testator all the provisions of the will lapse and it becomes impliedly revoked. *Cleaver v. Cleaver,* 39 Wis. 96; *Koerber v. Patek,* 123 Wis. 453, 102 N. W. 40; *Estate of Sander,* 126 Wis. 660, 105 N. W. 1064; *Wapello Co. v. Eikelberg,* 140 Iowa, 736, 117 N. W. 978.

This rule is modified by our statute, sec. 2289, which provides:

"When a devise or legacy shall be made to any child or other relation of the testator and the devisee or legatee shall die before the testator, leaving issue who shall survive the testator, such issue shall take the estate so given by the will in the same manner as the devisee or legatee would have taken if he had survived the testator unless a different disposition shall be made or directed by the will."

In the instant case the legatees named in the will were not related to the testator. But it is insisted that the intention of the testator as shown by the terms of the will, in connection with the evidence in the record, shows that the legacies were given to the legatees, their "heirs and assigns," hence the heirs of the legatees take.

It is clear under the authorities that the words "heirs and assigns" are merely words of limitation, descriptive of the nature of the estate given to the legatees. *Cleaver v. Cleaver,* 39 Wis. 96; *Van Beuren v. Dash,* 30 N. Y. 393, 414, 415; 2 Alexander, Wills, § 774. It follows, therefore, that by the express terms of the will no estate passed to the heirs of John Patterson and Andrew Aitken, legatees, they having predeceased the testator.

It is insisted by appellants that the testator intended that his property should go to the named legatees and in case of their death to their heirs. The language of the will is very

plain; there is no uncertainty in the meaning of the language used, and under the established principles of law the heirs of the legatees named took no interest in the testator's property. Testimony to show a contrary intention was not admissible.

"It is only where uncertainty of sense is clearly apparent, in testamentary as in other instruments, that judicial construction is required or permissible." *Holmes v. Walter,* 118 Wis. 409, 95 N. W. 380; *Mitchell v. Mitchell,* 126 Wis. 47, 105 N. W. 216; *Flint v. Wis. T. Co.* 151 Wis. 231, 138 N. W. 629; *Will of Owens,* 164 Wis. 260, 159 N. W. 906.

In *Will of Ehlers,* 155 Wis. 46, 143 N. W. 1050, relied upon by appellants, after discussing the rule the court said:

" . . . all in harmony with the rule that the legal intention of the testator is the one expressed by his language, though it may not be exactly the real intention he had in mind,—that his purpose can be given vitality only so far as it can be read reasonably out of the will. . . ."

There was no competent evidence offered or received in the instant case sufficient to show an intention contrary to that expressed by the plain language of the will.

It is further insisted that the court erred in matter of procedure in denying, in the first instance, the will to probate. The point is untenable. It was immaterial in this case whether the will was denied probate on the first hearing in the matter or later. The court had jurisdiction to determine whether the testator died testate or intestate when the matter was first presented as well as later. *Tryon v. Farnsworth,* 30 Wis. 577; *Carpenter v. U. S. F. & G. Co.* 123 Wis. 209, 101 N. W. 404.

Whether there was any irregularity in not first admitting the will to probate and then determining whether or not there were beneficiaries who would take the property on final settlement, appellants were not prejudiced thereby.

We find no prejudicial error in the record.

*By the Court.*—The judgment is affirmed, with costs.