WILL OF PETERS : BITNEY and others, Appellants, vs. ODEGARD and another, Executors, Respondents.

*December 7, 1936—January 12, 1937.*

412

For the appellants there was a brief by *Gilbert, Ela, Heilman & Raeder* of Madison, and oral argument by *G. Burgess Ela.*

For the respondents there was a brief by *Lowry, Beggs & Dawson,* and oral argument by *H. J. Lowry* and *Mildred E. De Vries,* all of Madison.

ROSENBERRY, C. J.   While it is true that a will must be construed in accordance with the evident intention of the testator, when that intention is clearly expressed in appropriate language the instrument admits of no construction. *Estate of Allis* (1926), 191 Wis. 23, 209 N. W. 945, 210 N. W. 418; *Will of Trautwein* (1932), 208 Wis. 107, 241 N. W. 334.

The argument that the words of the second paragraph "and to her heirs and assigns forever" are words of substitution is ingenious but tenuous.   From time immemorial, even under the rule of *Shelley's Case,* these words whether used in a will or a deed have been held to create an estate in fee simple.   1 Restatement, Property, §§ 27 *c*, 37 *d*.   If para-

graph 5 be construed as appellants claim it should be, to work an equitable conversion of that part of the estate composed of realty, nevertheless the will would vest in the devisee a full title. In *Matter of Evans* (1922), 234 N. Y. 42, 136 N. E. 233, the words "or his lawful heirs" as applied to personal property were held to create a gift in the alternative because of the peculiar language of the will. The words used in the will under consideration are the usual and customary words used by lawyers and those familiar with the drafting of legal instruments to express an intention to convey all the interest in the property which the testator or grantor has. There is no adequate reason in the present case why the well-established meaning of this language should be departed from.

*By the Court.*—That part of the judgment appealed from is affirmed.