ESTATE OF HOERMANN: HOERMANN, Administrator, Appellant, vs. HOERMANN, Widow, Respondent.

*February 12—March 12, 1940.*

132

*Adolph G. Schwefel* of Milwaukee, for the appellant.

For the respondent there was a brief by *Mayer, Vandercook, Wilde & Rice*, attorneys, and *Walter F. Mayer* of counsel, all of Milwaukee, and oral argument by *Walter F. Mayer*.

WICKHEM, J. It is the contention of the administrator, (a) that the words "and his heirs and assigns forever" as used in the twentieth paragraph of the will are words of limitation and not of substitution; (b) that paragraph twenty-one in which the testatrix did not attach to the gift the words above quoted contains no indication of an intention to substitute the heirs of Ernst J. Hoermann for him; (c) that

the gift in paragraph twenty-four, the residuary clause, to testatrix's named daughters and sons "share and share alike, and to their respective heirs and assigns forever" evidences no purpose to use the quoted phrase as words of substitution. Petitioner concedes that ordinarily the words "heirs and assigns" are construed as words of limitation, but contends that where the will contains an indication of an intention to use these words to create a substitutionary gift, that intention should be given effect; that in most of the cases where the phrase has been considered to limit the estate, the devisee has been a mere friend or stranger in blood, and that the construction should be otherwise where the legatee or devisee is a son or near relative. It is also contended that when these words are used in a residuary clause, they are normally construed as words of substitution; that the law does not presume or favor joint tenancies and a devise or bequest in a residuary clause to two or more persons is conclusively presumed to be to them as tenants in common unless the intent to create a joint tenancy is clearly expressed; that there are no words in the twenty-fourth paragraph expressly creating a joint tenancy; that in consequence a lapse would produce an intestacy; that when the testatrix used the phrase "share and share alike" she intended her residuary estate to be divided equally among all her children and her heirs, giving "heir" the normal meaning of those who would be entitled to inherit her children's estate under the laws of intestacy; that the phrase "their respective heirs" relates to the heirs of the decedent named and conclusively shows a substitutional intent.

At the outset, we deem it convenient to dispose of the intimation in the administrator's brief that sec. 238.13, Stats., has some bearing upon this case. This section provides as follows:

"When a devise or legacy shall be made to any child or other relation of the testator and the devisee or legatee shall die before the testator, leaving issue who shall survive the

testator, such issue shall take the estate so given by the will in the same manner as the devisee or legatee would have done if he had survived the testator unless a different disposition shall be made or directed by the will."

It is plain that this section does not prevent a lapse since Ernst Hoermann left no issue. The question is whether inferentially the section provides for a lapse in all other situations. We think not. The section simply prevents a lapse in the cases to which it refers. It was not designed to have any further effect.

The twenty-first paragraph was properly construed by the trial court. There are no words in this paragraph which could be argued to constitute words of substitution and we discover no circumstance or provision that supplies the want. Paragraph twenty offers more difficulties, but we are of the view that the trial court's conclusions with respect to this paragraph were also correct. Presumptively, the words "unto him and his heirs and assigns forever" are words of limitation. It is true as pointed out in *Matter of Evans,* 234 N. Y. 42, 46, 136 N. E. 233, that the use of this phrase in connection with a gift of personal estate "is not a term of art, as it is in a devise of real estate. Its office as a word of limitation, however natural or presumptive where the subject matter of the gift is land, is by analogy only, and one that is wavering and dubious, when the subject matter of the gift is money." However, even in the case of gifts of personal property, the phrase is presumed to have been used to limit the estate rather than to provide a substitutionary gift. *Will of Johnson,* 199 Wis. 154, 160, 225 N. W. 818; *Will of Peters,* 223 Wis. 411, 270 N. W. 921. In the *Johnson Case, supra,* it was held with respect to the words "heirs and assigns" "they are universally held to constitute words of limitation" descriptive of estate and their use in such a connection does not constitute a substituted devise or bequest. See also *Estate of Judson,* 168 Wis. 361, 170 N. W. 254.

This does not mean that the context of the will may not disclose that words which are presumably words of limitation were in fact intended to create a substituted bequest. For example, in *Matter of Evans, supra,* the fact that the gift was of personalty and that the words *"or* heirs" rather than *"and* heirs" were used was considered, together with other circumstances, as sufficient to repel the inference that the words were intended to limit the bequest and warrant the conclusion that they were words of substitution. In the twentieth paragraph the word "and" and not "or" is used, and we discover nothing in the will or in the circumstances to support the conclusion that these are words of substitution. The fact that this is a gift to a son and that its purpose is to balance amounts expended in the education of other children accounts for the legacy, but it does not indicate a purpose to make a gift in substitution. There is usually a reason for such a legacy, and the fact that this reason was expressed is not usually significant. The fact that we construe the residuary clause to create a gift in substitution is based upon additional facts and circumstances inapplicable to the twentieth paragraph as will appear from our discussion of the residuary clause.

Coming to the twenty-fourth paragraph, three significant circumstances not present in the consideration of the twentieth and twenty-first paragraphs are at once disclosed. First, this is a residuary clause, and a lapse in the residuary clause will produce an intestacy unless the residuary devise or bequest creates a joint tenancy, and there is a very strong presumption against an intended intestacy—a presumption which becomes especially significant where the residuary clause is under construction. Second, there is no possibility of construing the residuary clause as creating a joint tenancy. Third, the phrase asserted by the administrator to constitute mere words of limitation is different from the phrase in the twentieth paragraph in that the words "respec-

tive heirs and assigns" are used. We deem it unnecessary to extend this opinion by any elaborate discussion of the presumption against intestacy or of the proposition that a lapse in the residuary clause results in an intestacy. These are well-established rules and need no exposition here. It is almost as obvious that a lapse of Ernst Hoermann's share in the residuary clause under the circumstances of this will results in an intestacy as to his share. There are no words in the clause appropriate to the creation of a joint tenancy. It must therefore be held that a tenancy in common was created, and it is elementary that there is no survivorship among tenants in common. Bearing in mind the strong presumption against a purpose to leave any portion of the estate undisposed of, the fact that the will had a residuary clause and the fact that a part of the residuary gift will fail and go as intestate property unless the words "respective heirs and assigns" are construed as words of substitution, it is evident that little more is required to warrant the latter construction. This is supplied by use of the word "respective." It is generally held that the use of this word in connection with the words "heirs and assigns" renders the words substitutionary in character. *Sandford v. Stagg,* 106 N. J. Eq. 71, 73, 150 Atl. 188; *Den ex dem. Manners v. Manners,* 20 N. J. Law, 142, 144. In the *Sandford Case, supra,* testator devised to his four children and their respective heirs forever. One child predeceased the testator. The court said:

"The determining factor is the use of the word 'respective' as used in connection with use of the word 'heirs.'

"The word 'respective' is defined in Webster's Dictionary as meaning 'relating to particular persons or things, each to each; particular; several; as, their respective homes.' In the expression in which it is used in the clause under consideration it must accordingly mean the heirs of each child of the testator and relates each heir or group of heirs to his or their ancestor. The implication of the word in this respect is disjunctive, and separates each group of heirs from the

other groups. In other words, it seems to me the use of the word 'respective' necessarily implied a substitutional or representational intention by the testator.

"It will be noted that the expression used by the testator is 'heirs,' referring to the heirs of 'my said children.' The use of the word 'heirs' instead of the word 'children' carries with it the idea of representation."

In the *Den Case, supra,* testator devised to the children of his son David "and to their respective heirs and assigns." The court said:

"The devise is to 'the children of my said son David Manners and to their respective heirs and assigns.' . . . The words 'their respective heirs and assigns' in the connection here used, mean more than the quantity of estate the children of David were to take. They seem to repel the idea of a survivorship and show that the testator intended by this devise a benefit not only to David's children, but to the families of such of them as might die before the contingency happened when they were to take."

It is our conclusion that the use of the word "respective," considered in connection with other circumstances heretofore set forth, warrants the conclusion of the trial court that the words in the twenty-fourth paragraph are words of substitution. The considerations leading to this conclusion are so strongly founded on the fact that this is a residuary clause and in the use of the word "respective" that the distinction between the twenty-fourth clause and the twentieth clause readily appears and accounts for the difference in result.

Some question may legitimately be raised whether, assuming a gift in the residuary clause to be in substitution for the gift to the son Ernst, the word "heirs" is broad enough to include his widow. While from the whole will there may frequently be gathered an intention that "heirs" means next of kin or children, we see nothing in this will to take the case out of the rule of the *Johnson Case, supra,* which holds that, in the absence of such provisions indicating a contrary in-

tent, the term "heirs" should be given its ordinary meaning of those to whom the estate of the devisee or legatee would go by the laws of descent. It is our conclusion that the trial court properly construed the will.

*By the Court.*—Judgment affirmed. No costs to be taxed upon this appeal. Administrator to pay clerk's fees.