WILL OF PETIT: PETIT and others, Appellants, vs. PETIT, Respondent.

*March 12—May 1, 1945.*

*Walter A. John,* attorney, and *Douglass Van Dyke* of counsel, both of Milwaukee, for the appellants Douglas W. Petit and Douglas Petit Bournique, and *Urban R. Wittig,* of Milwaukee, guardian *ad litem* for August Uihlein Pabst.

For the respondents the cause was submitted on the brief of *Lines, Spooner & Quarles,* attorneys, and *Charles B. Quarles* of counsel, all of Milwaukee.

FAIRCHILD, J.   The primary question raised on this appeal is whether the power of appointment given by the will of Louis Petit was validly exercised in favor of the wife of Clement, he having died childless.   Appellant contends that the lower court erred in construing the provision for the power of appointment to permit Clement to appoint his wife as beneficiary when there were no children him surviving.

Respondent and appellants and the lower court all assert that the words of the will are plain and unambiguous and therefore not open to judicial construction.   Yet there has been created a decided disagreement over the provision providing for the appointment.   If the language of the will is clear when read with the generally accepted rules of grammar and punctuation in mind, and when the result reached is not patently absurd, there is no room for judicial construction. *Benner v. Mauer* (1907), 133 Wis. 325, 113 N. W. 663; *Mitchell v. Mitchell* (1905), 126 Wis. 47, 105 N. W. 216; *Holmes v. Walter* (1903), 118 Wis. 409, 95 N. W. 380; *Upham v. Plankinton* (1913), 152 Wis. 275, 140 N. W. 5; *Will of Waterbury* (1916), 163 Wis. 510, 158 N. W. 340; *Estate of Rosecrantz* (1924), 183 Wis. 643, 198 N. W. 728.

The provision giving Clement Petit the power of appointment reads as follows: "The appointees shall be limited to

.his wife, if he leaves children by said wife him surviving, and to his children, or any other of my descendants." The clause, "if he leaves children by said wife him surviving" is a conditional clause limiting the permissive appointees and fixes the condition under which the wife may be included. If Clement died childless, his wife was not to be a valid appointee. To construe the clause as respondent urges would do violence to established grammatical rules as well as the generally and popularly accepted meaning of such a phrase. The only way in which the words "if he leaves children by said wife him surviving" could be construed to modify "children" is to transfer the conjunction, *and,* so that the provision would read as follows: "The appointees shall be limited to his wife, *and* if he leaves children by said wife him surviving, to his children or any other of my descendants." Even if the comma after *wife* is read as a semicolon or full stop, the sentence is meaningless and could not be made to serve respondent's contention unless the conjunction *and* is removed entirely or transferred from the position in which the testator placed it. The court cannot redraw a will by moving words or ignoring punctuation where the provision as drawn is complete and unambiguous. There seems to be no escape from the conclusion that the words clearly mean that the wife might be appointed if Clement left children by said wife, him surviving.

An opposite conclusion cannot be sustained. A feeling that testator did not intend absolutely to prohibit the appointment of the wife cannot override the plain language of the provision. And it is probable that testator wished the residue of the trust fund to be given to Clement's wife only if she had children; as that would probably result in a benefit to his grandchildren and would be somewhat in accord with a preference that those of his own blood take under the will.

The second question relates to the apportionability of the annuity instalment accruing after the death of Clement on

February 1, 1944. The lower court held that the instalment was apportionable and the proper proportion representing that due Clement for the first eighteen days in January should be paid to his estate.

The rule, where it has not been changed by statute, is that an annuity created either by contract or by will is not apportionable. See 116 A. L. R. 135, for a review of the cases; 2 Scott, Trusts, p. 1330, sec. 238.1. In *Henry v. Henderson* (1902), 81 Miss. 743, 33 So. 960, the reason for the rule is set out. It "rests not only upon the fact that an annuity is usually payable upon a day certain, but also, and chiefly, upon the very nature and character of the annuity as not accruing from day to day, and hence not apportionable." Most courts recognize an exception to the rule when the annuities are given for the support or maintenance of an infant or married woman living separate from her husband. *Tracy v. Strong* (1818), 2 Conn. 659; *Chase v. Darby* (1896), 110 Mich. 314, 68 N. W. 159. And some courts have extended this exception to include annuities for the support of others than infants and wives living apart from their spouses. *Cincinnati v. Strobridge* (1899), 7 Ohio N. P. 532, 9 Ohio Dec. N. P. 652; *Burrows Estate* (1905), 15 Pa. Dist. 57; *Re Lackawanna Iron & Coal Co.* (1883) 37 N. J. Eq. 26. The Restatement, 1 Trusts, p. 719, sec. 238 (2) (b), states an exception to the rule against apportionability where "the provision was made for the support of the beneficiary."

In the case at bar, the annuity was for $12,000 payable in monthly instalments.

The provision for cesser in case the annuity becomes payable to anyone else and the discretion on the part of the trustee during cesser to apply the income or corpus to the support of Clement, his wife, and children does not indicate that the trust was one for support but is rather a provision allowing payment toward support of the son upon the happen-

ing of a specified contingency and one which did not come into existence.

Although the rule against apportionability as applied to annuities created by trust may seem to be less in accordance with the purpose of the testator than allowing it, the rule is well settled and, in the absence of statute providing otherwise, must be adhered to.

*By the Court.*—Judgment reversed as to the appointment of Evelyn Throsby Petit and the apportioning of the annuity. Cause remanded with instructions to hold valid the alternative appointment.