ESTATE OF BRITT: BRITT and others, Appellants, vs. GAR-FOOT, Executor, and others, Respondents.

*May 21—June 22, 1946.*

For the appellants there was a brief by *Aberg, Bell, Blake & Conrad* of Madison, and oral argument by *Edwin Conrad.*

*Martin A. Tollund* of Mt. Horeb, for the respondent Charles Garfoot; *Harry D. Clarke* of Stoughton, for the respondent Allen T. Zoeller; and *John C. Zehnder* of St. Paul, Minnesota, for the respondent Emma Murphy.

WICKHEM, J. The facts in this case are not disputed. The question raised upon this appeal is the construction of paragraph "Third (a)" of testator's will which reads as follows:

"(a) One half of the residue of my estate, I give, devise and bequeath, share and share alike, to my three brothers, namely, Henry Britt and Louis Britt of Madison, Wisconsin, and John Britt of St. Paul, Minnesota, being to each a one-third part thereof, to them and their heirs forever."

Appellants are the sons and daughters of Henry Britt and are the legal heirs to whom all of the property disposed of by "Third (a)" would go in case of an intestacy. Respondents, except for the executor, are representatives of Fannie Britt, widow of John Britt, who was his only heir, and Minnie Britt, widow and only heir of Louis Britt. Fannie Britt died August 26, 1945, and Emma Murphy, administratrix with the

will annexed of her estate, was substituted as a party.. There is also the suggestion of the death of Minnie Britt on March 18, 1946.

Appellants contend that the words "to them and their heirs forever" are words of limitation, descriptive of the estate intended to be bequeathed; that since all three of the brothers named in "Third (a)" predeceased testator and there is no antilapse statute in Wisconsin applicable to the situation, the legacies lapsed resulting in an intestacy. Appellants claim that the words "to them and their heirs forever" are words of art which, in the absence of some modifying language in the will, have always been construed to describe and limit the estate granted, and not to indicate a substituted gift in case the named beneficiary died before testator. They cite *Estate of Judson,* 168 Wis. 361, 364, 170 N. W. 254, where it is said:

"It is clear under the authorities that the words 'heirs and assigns' are merely words of limitation, descriptive of the nature of the estate given to the legatees. *Cleaver v. Cleaver,* 39 Wis. 96; *Van Beuren v. Dash,* 30 N. Y. 393, 414, 415; 2 Alexander, Wills, sec. 774."

In *Will of Johnson,* 199 Wis. 154, 159, 225 N. W. 818, it was said:

"It is claimed that the use of the words 'heirs and assigns forever' indicates an intention on the part of the testatrix that should the legatees therein named predecease her the legacies should go to their heirs and assigns. The words 'heirs and assigns' when used in this connection have a well-settled meaning in the law. They are universally held to constitute words of limitation, descriptive of the estate, and their use in such a connection does not constitute a substituted devise or bequest. *Estate of Judson,* 168 Wis. 361, 170 N. W. 254, and cases there cited; *Farnsworth v. Whiting,* 102 Me. 296, 66 Atl. 831."

Respondents' contention, upheld by the trial court, is that the intention of testator, derived from the will as a whole con-

strued in the light of the circumstances, was to make the gifts to heirs in "Three (a)" substitutionary in character.

The legal rules applicable generally to cases such as this have recently been set forth in *Estate of Hoermann,* 234 Wis. 130, 290 N. W. 608, and it is necessary only to summarize them. The words "heirs and assigns forever," when used in a will, are ordinarily considered to be descriptive of the estate devised and their use ordinarily repels the inference that a substituted devise or bequest was intended. The context of the will, however, may indicate that such words were in fact intended to create such a bequest. For example, the use of the disjunctive "or" before the word "heirs" has been treated as sufficient to repel the inference that the words are descriptive of the estate and to justify the conclusion that they are words of substitution. The use of the word "respective" in connection with the words "heirs and assigns" is treated as indicating that the gift is substitutionary at least in connection with the fact that the phrase to be construed occurs in a residuary clause. Some of the foregoing factors are not in this case. The clause in question, however, contains the phrase "share and share alike," and what amounts to the same thing, the phrase "being to each a one-third part thereof." These words can usually have no possible meaning in view of their distributive character, unless the gift to heirs is intended to be to them as purchasers. See 3 Page, Wills, Lifetime Edition, p. 329. See also *Thomson v. Russell,* 131 S. C. 527, 128 S. E. 421. In the *Hoermann Case* we held that the circumstance that the residuary clause is being construed together with the natural presumption against intended intestacy leaves little more to be shown to warrant a conclusion that the heirs were intended to take by purchase. We consider that the words "share and share alike" are sufficient to constitute such a showing. We are fortified in this conclusion by a consideration of the surrounding circumstances, although these do give rise to conflicting inferences. One thing is certain

concerning testator's intention—he meant to leave his residuary estate one half to his side of the family and one half to his wife's relatives. In dealing with the share which he proposed to give to his wife's relatives the draftsman of the will left no doubt wherever substitutionary gifts were intended. Thus, paragraph 3 (b) (2) bequeaths "a one-eighth part thereof to my wife's brother, William J. Garfoot . . . or to his issue, if he shall not survive me." From this it is argued that where testator intended to make substitutionary gifts he clearly manifested such purpose and that it must be supposed that in the clause under consideration he used the words "and to his heirs forever" as words of limitation. The force of this circumstance is not denied but we think the inferences arising from it are clearly outweighed by the circumstance that two of his brothers were to his knowledge dead at the time he made the will and the third brother predeceased testator and testator made no change in his will.

The presumption of the law is against an intended intestacy as to any part of an estate because the will indicates a contrary general intention. This presumption is strengthened by the presence of a residuary clause, one obvious purpose of which is to preclude the occurrence of intestacies by unforeseen contingencies. In the light of this it is difficult to suppose that testator in the clause in question intended to produce from the very start an intestacy as to a substantial portion of the property dealt with in the residuary clause of his will. The strong likelihood is that he must have intended the gifts to the heirs to be substitutionary in character. The language of the will accommodates itself to such a construction and, while the matter is not free from doubt, we conclude that the trial court came to a correct conclusion.

*By the Court.*—Judgment affirmed.