ESTATE OF THORNTON : LEFEVER, Appellant, vs.
FILIATRAULT and others, Respondents.

*April 5—May 8, 1951.*

For the appellant there were briefs by *McLeod & Donohue* of Fond du Lac, and oral argument by *J. D. Donohue.*

For the respondents there was a brief by *Whyte, Hirschboeck & Minahan* of Milwaukee, and oral argument by *A. W. Asmuth, Jr.,* of Milwaukee, and *John P. McGalloway* of Fond du Lac.

MARTIN, J. Frances M. Thornton of Fond du Lac, an elderly spinster of considerable wealth, died on November 27, 1948, and her will was admitted to probate in the county court of Fond du Lac county on December 30, 1948. Decedent's will was executed October 11, 1937. It was stipulated by counsel that the will was prepared and drafted by Mr. Malcolm K. Whyte of Milwaukee, a lawyer skilful and experienced in the preparation and drafting of wills and that said drafting took place over a period of several conferences at least a week apart.

In Article III of the will Frances M. Thornton made six separate bequests ranging in amounts from $500 to $10,000, the latter being to Edgar W. LeFever. Following these bequests there was a provision as follows:

"I further direct that if my *books of account,* on the date of my death, show that I have, since the date of the execution of my will, made substantial gifts to any of the above-named persons, such gifts shall be deducted from the amount of the legacies. I further direct that any inheritance taxes levied

with respect to any of the legacies in this paragraph contained shall be paid out of the residue of my estate." (Italics ours.)

On October 8, 1937, three days prior to the execution of the will, testatrix made a gift of one hundred twenty-five shares of stock of the value of $4,968.75 to Edgar W. LeFever. Subsequent to the execution of her will on October 11, 1937, and on or about December 30, 1948, Miss Thornton made gifts to Mr. LeFever, her nephews, W. C. Thornton and J. S. Thornton, and her niece, Clare F. Filiatrault, of fifty shares each of Central Wisconsin Cattle Credit Company stock, each gift being of the value of $5,000. These gifts were reported in the testatrix's donor's gift-tax report for 1938 (along with an additional gift of $10,413.93 to her niece, Clare F. Filiatrault), which was prepared by one Mr. David Dale Ashton at the time he made up the audit for the year 1938, and was executed and filed by testatrix with the state of Wisconsin.

The executors of the estate of Frances M. Thornton tendered to Edgar W. LeFever the sum of $5,000 representing the legacy of $10,000 made to him in the will as reduced by the gift of stock made to him in 1938, but he refused to accept said $5,000 and demanded the full bequest of $10,000 without any reduction for said gift.

There is no dispute about the receipt of the gift. The only question that arises is whether under the terms of the will the same should be credited upon the legacy given under the will.

Since about 1933 and until testatrix was adjudicated incompetent in 1941, Mr. Ashton was employed by her for the purpose of keeping her records and preparing income-tax and other tax reports. Exhibit E, a set of loose sheets marked "1938," was compiled from canceled checks, deposit slips, and brokerage accounts. If there was any question pertaining to an account, he consulted with her. For his services

for the year 1938, Mr. Ashton received $1,800. The records for 1938 do not show the transfer of the Central Wisconsin Cattle Credit Company stock to Mr. LeFever or to the nephews and niece, but there is an entry showing the gift by Miss Thornton to her niece, Clare F. Filiatrault, of three hundred shares of Chicago corporation stock of the value of $10,413.93. Mr. Ashton was also secretary of the Central Wisconsin Cattle Credit Company and personally knew of the transfer of that stock.

Miss Thornton's will is clear and unambiguous in its direction that no gift was to be deducted from the amount of the legacy to Edgar W. LeFever unless her "books of account" on the date of her death showed that she made such a gift.

The county court held in effect that the filing of the Wisconsin gift-tax return constituted a showing of the gift on Miss Thornton's books of account.

It is our opinion that the filing of the gift-tax return was something that was legally required of Miss Thornton in order to properly report the gift for gift-tax purposes. She would have made such report whether or not her books of account showed the gift, just as she showed the gift of $10,413.93 on November 30, 1938, on her books of account (Exhibit E) and also on her gift-tax return for the year 1938. Since her books of account did not show the gift in question, the county court and this court have no basis for judicial construction of the language of the will.

It was held in *Will of Petit* (1945), 246 Wis. 620, 622, 18 N. W. (2d) 339, that if the language of a will is clear when read with the generally accepted rules of grammar and punctuation in mind, and when the result reached is not patently absurd, there is no room for judicial construction. A case cited therein states:

"A will is not to be read in the light of rules for judicial construction merely because its meaning is challenged, and

the challenge supported by reasoning on the assumption that such meaning is obscure. Often obscurity claimed to exist in such an instrument is but the mere creation of the mind of the claimant, not one originating with the maker of the paper. The first duty in examining a will for its purpose is to proceed as if it was unambiguously expressed. If, taking the will as a whole in the light of the subjects dealt with, its meaning is plain, there is no legitimate room for judicial construction, and none should be attempted." *Mitchell v. Mitchell* (1905), 126 Wis. 47, 49, 105 N. W. 216.

As stated previously, the filing of the gift-tax return complied with a legal mandate. If this gift-tax return is made to constitute evidence of deductibility of the gift, then the testatrix would be required upon the making of any substantial gift to change her will if she did not desire to have it deducted from the legacy. The court cannot go beyond her books of account for evidence of deductibility. The language of the will clearly expresses the direction that no gift is to reduce a legacy to any of the beneficiaries mentioned in Article III of her will unless her "books of account" on the date of her death show such a transfer. The books of account on the date of Miss Thornton's death did not show the gift to Mr. LeFever of Central Wisconsin Cattle Credit Company stock in the amount of $5,000.

*By the Court.*—Order reversed, and cause remanded with instructions to enter judgment in accordance with this opinion.