ESTATE OF HOYT: FIRST NATIONAL BANK IN OSHKOSH,
Trustee, and others, Respondents, vs. MICHAEL and
another, Appellants.

*March 7—April 9, 1957.*

488

For the appellants there was a brief by *Keefe, Patri, Stillman & Nolan,* and oral argument by *William E. Crane,* all of Oshkosh.

For the respondents there was a brief by *Thompson & McCarthy* of Oshkosh, for the Ladies Benevolent Society of Oshkosh, by *Barnard & Allen* of Oshkosh, for the Oshkosh Campfire Girls, by *Williams, Williams & Meyer* of Oshkosh, for the Twin Lakes Council Boy Scouts of America, by *William Gengler* of Oshkosh, for the Crippled Children's Auxiliary, now the Curative Workshop of Oshkosh, Inc., and by *D. E. McDonald* of Oshkosh, for the Elizabeth Batchelder Davis Children's Home, and oral argument by *Mr. Harry E. Meyer* and *Mr. Gengler.*

STEINLE, J. Appellants' principal contentions are that: (1) The bequest of the annual payments in monthly instalments to testator's aunt, Sarah E. MacAllister, under the terms of the Fifth paragraph of the will is an annuity and a legacy; (2) the only period of limitation contained in the express words of the testator's will as to the payments to be made under the trust, is the period of the life of the testator's sister, Blanche E. Hoyt; and (3) that since the annuity is for the period of the life of another, to wit, testator's sister, the antilapse statute, sec. 238.13, is applicable, and hence the appellants, as children of the deceased annuitant and legatee,

Sarah E. MacAllister, are entitled to the share bequeathed to their mother with the right to payment thereunder to continue in them until the death of the testator's sister, Blanche E. Hoyt.

It is the position of the respondents that: (1) The will clearly evidences an intent to limit the annuity to the life of the aunt, Sarah E. MacAllister, and because she predeceased the testator, the annuity terminated upon the death of said aunt, and the fund out of which it was created became a part of the corpus of the trust to which respondents are entitled upon the death of testator's sister, Blanche E. Hoyt; (2) that the will does not evince an intent that the annuity shall continue during the lifetime of the testator's sister; (3) that under the antilapse statute, sec. 238.13, the appellants, as children of the annuitant, Sarah E. MacAllister, would have taken the annuity bequeathed to their mother had such annuity not been for her lifetime, but had it continued beyond that period providing no different disposition of the annuity had been intended by the testator. However, a different disposition was made by the testator.

The gift to the testator's aunt, Sarah E. MacAllister, under the trust provided in the Fifth paragraph of the will, was an annuity. Ordinarily an annuity, if unlimited as to time, is presumably (apart from other indications of intention) intended to continue during the life of the annuitant. 2 Am. Jur., Annuities, p. 821, sec. 8. A simple annuity generally ceases with the life of the annuitant when no time is limited for its duration. 3 C. J. S., Annuities, p. 1378, sec. 3, b, 1. If the testator does not specify in his will the time for which the annuity is to be paid, it is then a question of the construction of the whole will for the purpose of determining testator's intention. The weight of authority and of sound reason is that unless it appear otherwise from the context, the annuity is payable during the life of the beneficiary. The context may, however, show that the annuity was to last for

some time other than the life of the annuitant. 3 Page, Wills (lifetime ed.), pp. 481, 482, sec. 1174.

If there is no evidence of an intention to the contrary, the general rule is that where an annuity is given to a named person, to terminate at a stated time, it does not cease upon the death of the annuitant before that time but passes to his estate during the remainder of the period. See Anno. 112 A. L. R. 582. It has frequently been held that where a will provided for the payment of an annuity to a named beneficiary during the life of a third person, the death of the annuitant before that of the *cestui que vie* did not terminate the annuity, but that the payments thereafter accruing should have been made to the beneficiary's personal representatives. See Anno. 112 A. L. R. 582.

By express language the will provides for an annuity for the aunt only. Absent is any statement of duration of the annuity. The aunt's heirs or descendants are not designated as recipients of the annuity. That the testator could validly have designated the aunt's heirs or descendants as recipients of the annuity upon her death, cannot be gainsaid. Under the rules noted above, the annuity expired upon the aunt's death unless it can be determined from provisions in the will that it was to cease upon the happening of some event occurring after her death. The appellants' contention that the annuity to testator's aunt was to continue until the death of his sister is based on considerations (a) that the trust created by the Fifth paragraph of the will does not expire until the death of testator's sister; (b) that the language of the Fifth paragraph of the will which follows immediately the gift of the annuity to the aunt, limits the payment of the net income of the trust provided for the sister to a period "during the term of her natural life," whereas, the annuity to the aunt is not limited by express language as to duration, and that hence it is to be assumed that the annuity to the aunt did not terminate until every provision of the trust in para-

graph Fifth of the will expired, and (c) that the testator by his codicil ratified and confirmed the arrangement for the aunt under the will, notwithstanding that he had knowledge of the aunt's death when the codicil was executed.

The fact that the sister's interest under the Fifth paragraph of the will is limited to the period of her own life does not in itself limit or extend the duration of the annuity to the aunt. Since the will is silent as to the duration of the annuity to the aunt, it follows as a matter of law that the same terminated upon the death of the aunt. Thus, under the will the aunt was given an interest in the estate for the duration of her own life. Such life estate cannot be extended by provisions of the antilapse statute, sec. 238.13, which in part reads:

"When a devise or legacy shall be made to any . . . or other relation of the testator and the devisee or legatee shall die before the testator, leaving issue who shall survive the testator, such issue shall take the estate so given by the will in the same manner as the devisee or legatee would have done if he had survived the testator unless a different disposition shall be made or directed by the will."

There is no indication in the will itself that the testator intended that payment of the annuity to his aunt was to be related to the period of the life of his sister. Nor is such intention manifest from the circumstances that surrounded the testator when the will was made.

The trial court correctly determined that had the aunt outlived the sister, she would have been entitled to the annuity until her own death. Paragraph Fourth of the will provides that in the event that the sister did not survive the testator, her one-third share of the residue of the estate was to be added to the corpus of the trust from which the annuity payments to the aunt were to be made. Such arrangement in itself indicates that the annuity to the aunt was not to terminate upon the death of the sister. Manifestly the only purpose in having the trust continued under such circum-

stances would be to provide the annuity for the aunt. From the language of the will and the circumstances of the testator when he executed it, the trial court determined that the testator had intended to provide the aunt with an annual income of $1,500 from the corpus of the trust as long as she lived; that he further intended that the income from any balance of such corpus plus any unused part of the corpus as might be necessary in the discretion of the trustee, be used for the sister during her lifetime, and that upon her death the remainder of the corpus and undistributed income was to be divided equally amongst the respondent charitable organizations. The trial court also determined that a lapse would not occur in view of the bequest to the several organizations of the balance of the corpus of the trust fund and the undistributed income.

With reference to appellants' contention that by ratifying and confirming under the codicil that provision of the will relating to the annuity for the aunt when aware of her demise previously, the testator thereby intended the duration of the annuity payments to be for the life of the testator's sister, the court noted that:

"What the testator had in mind at the time he made the codicil to his will cannot ever be definitely established. What conversation he may have had, if any, with the scrivener will never be established since the scrivener too is now dead. It may be presumed that the testator either thought or was advised, or both, that since the aunt was dead that that provision as to her was no longer in effect. It can further be argued that had he wanted the children of the aunt to receive that portion of his legacy bequeathed to the aunt he could have so stated in either the will, or the codicil made after the aunt's death."

Such observation is clearly compatible with the established principle as set forth with citation in 2 Page, Wills (lifetime ed.), pp. 30, 31, sec. 556:

"If a devisee or legatee has died after the will is made, and the gift would lapse for that reason, a subsequent codicil which brings the will down to date does not prevent lapse, and does not cause the gift to pass to the heirs or issue of the deceased devisee or legatee. On the other hand, if a devisee or legatee has died before testator leaving issue to whom such gift will pass under the statute which prevents lapse, a subsequent codicil *prima facie* leaves the legacies and devises of the same legal force and effect as they were before the codicil."

The trial court's decision as to the issues above discussed, was not contrary to the preponderance of the evidence.

Sec. 238.13, Stats., was enacted to remedy inequities of the common law and to provide for lineal descendants of a devisee or legatee the benefits which their parents would have derived had not death intervened. It was not designed, however, to nullify the right of a testator to select the objects of his bounty. In determining the nature of an estate created by will, the will itself is to be first consulted, and afterwards the statute. The operations should not be reversed. The aid of the statute cannot be invoked where the intent of the will is manifest. The statute is ineffective when a different disposition shall be made or is directed by the will. See *Estate of Stewart* (1955), 270 Wis. 610, 612, 613, 72 N. W. (2d) 334. The purpose of the antilapse statute is to prevent a lapse, and is not designed to have any further effect. *Estate of Hoermann* (1940), 234 Wis. 130, 134, 290 N. W. 608.

Since, as clearly appears, it was the intention of the testator that the annuity to the aunt would terminate upon her death, and further, since the will specifically provided that the trust fund was to pass to the charitable organizations with a vested interest in it, postponed in the use and enjoyment thereof only during the lifetime of the sister, the trial court properly did not invoke the aid of the antilapse statute in an attempt to ascertain an intent different from that manifested by the testator in his will and from the circumstances sur-

rounding him when he executed the will, in order to prevent the annuity from lapsing, and to preserve it for the issue of the annuitant.

*By the Court.*—Judgment affirmed.