Sarah H. Van Nest et al., complainants-appellants,

v.

Mary V. Van Nest et al., defendants-respondents.

[Decided September 22d, 1939.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Bigelow, who filed the following opinion:

"The object of the suit is a construction of the will of Oliver J. Hayes, who died in 1861. He left a widow, who passed away in 1867, and two daughters, Elizabeth and Sarah. Elizabeth later married a Mr. Van Nest and died in 1931,

testate, leaving three children. Sarah Hayes, who never married, outlived her sister and died last year. The litigation concerns the disposition of that part of the testator's estate in which a life interest was held by Sarah.

"Mr. Hayes devised two parcels of land, one in Springfield and the other on Park Place, Newark, to trustees, for his wife for life—'and at her decease, then in trust to permit my daughter Sarah E. Hayes to occupy and enjoy and receive the rents, issues and profits of the said lands and premises at Springfield, during her natural life, and my daughter Elizabeth C. Hayes, to occupy and enjoy and receive the rents, issues and profits of the said house and lot in Park Place, during her natural life, * * *;

" 'And in case of the death of said children or either of them, the lawful issue of such deceased child or children to have the rents, profits and other income of the said lands and premises, of their deceased parents respectively, and until the youngest of them arrive at the age of twenty-one years; and then the said Trustee shall convey to them and their heirs, their respective parts of said lands and premises for their own use and disposal forever;

" 'And in case of the death of either one of said children, without lineal descendants, or if such lineal descendants (if any there are) all die before reaching the age of twenty-one years, the surviving child shall be entitled to her sister's share.'

"The above quoted provisions are not divided into paragraphs in the original document. The will then gives to the trustees $40,000 to invest and pay the net income to the widow for life—'and thereafter to my said children; and in case of their death then to their lineal descendants; and eventually the principal of said fund; and all in the same manner as directed more fully in the last paragraph in respect to my real estate; but I nevertheless expressly direct that on the death of my wife, and when my children are to take their portions of said real estate, or of the income thereof, that if the said trustees deem one of said pieces of property more valuable than the other, they shall equalize the same to said children (as nearly as they can in their own judgment do it)

out of the said sum of forty thousand dollars, so that their respective shares of said real and personal estate together shall be about equal.

" 'In case of the death of my said wife, and neither of my said children survive her, nor leave lineal descendants, then I hereby direct the said trustees to convey, transfer and set over the said lands and trust fund, or whatever may then be left of the same as follows:' to testator's brothers and others.

"The will contains a residuary clause which excepts, however, 'the lands devised as before to my said wife.'

"The controversy centers in the clause directing that on the death of either of testator's children without lineal descendants, 'the surviving child shall be entitled to her sister's share.' The executor and children of Elizabeth Hayes Van Nest argue that for the word 'surviving' the court should read 'other.' The executor of Sarah's will stands on the literal meaning of the word 'surviving' and says that Mr. Hayes made no final disposition of this part of his estate in the contingency which has happened, but died intestate as to it.

" 'Of course, the will must be read from its four corners, and in construing a will the object to be attained is to determine the intent of the testator as gathered from the whole document as applied to the testator's situation (*Coffin* v. *Watson, 78 N. J. Eq. 307; Trustees of Princeton University* v. *Wilson, 78 N. J. Eq. 1*) ; and while a cardinal rule of the construction of wills is to arrive at testator's intention, in seeking that intention the language of the will must be construed in the light of the interpretations adopted by the courts. *Wills* v. *Wills, 73 N. J. Eq. 733.' Supp* v. *Second National Bank and Trust Co., 98 N. J. Eq. 242, 246.

"The terms 'surviving' and 'survivor' make the devolution of an estate depend on the hazard of one person outliving another and so are apt to bring about an unequal and unreasonable distribution. To avoid that result, courts are frequently urged to disregard survivorship, but in New Jersey the pressure of such argument has been uniformly resisted. Said Chancellor Zabriskie in *Slack and Page* v. *Bird, 23 N. J. Eq. 238,* 'the argument from the probability that the

testator would not intend that the share given to one of a class should be defeated by his death before a life tenant can have no weight. Few wills would stand as written, if the conjecture or speculation of a judge as to what the testator would have done had a case not provided for been suggested to him, could change the meaning from that expressed.' Chief-Justice Gummere in *Stout* v. *Cook, 79 N. J. Eq. 573, 576,* stated:

" 'It is entirely settled by the decisions in this state that where there is a devise or bequest for life, followed by a devise or bequest to the "surviving children" of the testator, at the termination of the life estate, the words "surviving children" are to be taken as meaning those of the children of the testator who are surviving at the death of the life tenant; and that, unless, upon taking the whole will into consideration, the words are plainly used in some other sense, this meaning, which is the ordinary and natural one to be given to them, must prevail.'

"Our earliest case is *Seddel* v. *Wills, 20 N. J. Law 223,* decided by Chief-Justice Hornblower, 1843. There was a devise in fee to each of several daughters, subject to defeat upon her dying without issue, and in such case an executory devise to 'my surviving sons and daughters.' One of the daughters died without issue. The court held that her lands passed to her brothers and sisters who survived her, to the exclusion of those who predeceased her and of their children.

"*Den, ex dem. Holcomb* v. *Lake, 24 N. J. Law 686,* was a similar case: A devise in fee tail to testator's only son and if he die under twenty-one or without issue, then to be 'equally divided amongst my surviving children.' The son outlived all his sisters and died without issue. It was held that the estate passed to testator's heirs to be determined as of the time of testator's death.

"*Ashhurst* v. *Potter, 53 N. J. Eq. 608;* affirmed on Vice-Chancellor Emery's opinion, *54 N. J. Eq. 699,* was closer to the case before me. The residuary estate was given in trust for testator's five children, the shares of the three sons to be paid them as they attained their majority and the shares of the two daughters to be held and the interest paid them for

life. 'And upon the death of my said daughters, their respective shares are to be equally divided among their children; but if either of them die without issue, her share is to go to her surviving sisters and brothers equally to be divided between them.' The court held that to disregard the word 'surviving' would eliminate 'the whole idea of survivorship which seems clearly to have been in testator's mind in designating the objects of the gift over.' And that on the death of one of testator's daughters without issue, leaving a brother and sister as well as children of a deceased brother, her share should be divided between the living brother and sister.

"*Stout* v. *Cook, supra,* considered a will much like the one in the *Ashhurst Case.* The shares of sons given them outright; those of daughters to be held for their lives, and on their deaths to their children. And in case a daughter leave no children, the income on her share to be paid 'to my surviving children during their natural lives and on their respective deaths, the principal to be paid to the child or children of such deceased child.' One daughter died childless, survived by two brothers and by the issue of three sisters. Vice-Chancellor Howell noted (*77 N. J. Eq. 153*) that the ultimate beneficiaries were not the daughters, but their children, and decided that the share of the daughter dying without issue should be divided among the living brothers and the issue of the deceased sisters *per stirpes.* But the court of errors and appeals reversed, holding that the word 'surviving' should be understood literally and that only the two brothers took.

"In *Cuskaden* v. *Steelman, 88 N. J. Eq. 93; Id. 554,* the will gave one-quarter of the estate to testator's wife for life and upon her death directed that the income be paid 'to my said children or the survivor or survivors of them during their lifetime' and upon the death of any of the children leaving issue then to such issue. Vice-Chancellor Leaming concluded that after the widow's death, the issue of a son who predeceased her participated in the income. Again the court of errors reversed in an opinion by Mr. Justice Swayze and held that the issue of the deceased child must be excluded. He said that 'but for the opinion of the learned vice-chancellor we should have thought this question no longer open.'

"These cases are dispositive of the question before me and I would say no more did not the careful argument of counsel for the Van Nests deserve a more reasoned consideration. The rule has been developed in England, in case of a will like Mr. Hayes', if there be added a limitation over upon the death of all the life tenants without children, then the children of a predeceased tenant participate in the share of one who dies without children. *Waite* v. *Littlewood* (*1873*) *8 Ch. Ap. 70; In re Palmer, L. R. 19 Eq. 320; In re Bilham* (*1901*), *2 Ch. D. 169.* Such cases rest on the rule that the gift over in event all the life tenants die without children, implies cross remainders to children, if any there be.

"The will before me contains no provision that satisfied this rule. The ultimate limitation is conditioned: 'In case of the death of my said wife, and neither of my said children survive her, nor leave lineal descendants.' At first I thought this might be so construed that the gift over would take effect if 'neither of my said children survive' testator's wife, or if neither of them 'leave lineal descendants.' And so bring the will within the rule. But such a construction cannot go. Testator did not mean the gift over to occur merely if his children should predecease his wife, but only if that event should be coupled with a failure of issue. Counsel for Elizabeth's children urge that all reference to the widow be excised, that the condition be read, 'if neither of my said children leave lineal descendants.' But the function of the court is to construe the will, not rewrite it. The gift over is insufficient to create, by implication, a devise in remainder to issue of the life tenants.

"In the absence of a limitation over on a total failure of issue, the English cases generally construe the word 'survivor' literally as does our highest court. *Harrison* v. *Harrison* (*1901*), *2 Ch. 136; Inderwick* v. *Tatchell* (*1903*), *A. C. 120.* Even *In re Bowman, 41 Ch. D. 525,* does not support the position of the Van Nest representatives. It would do so perhaps, if the devise to the surviving child was an estate for life, remainder to her issue in the same manner as her original share. But the will does not so provide. Elizabeth (Mrs. Van Nest) was given a life interest in Park Place;

and her issue, the remainder; Sarah was given a life interest in Springfield, with remainder to her issue. And if either one of testator's said children should die without lineal descendants, 'the surviving child shall be entitled to her sister's share.' Let us suppose that Elizabeth outlived Sarah; she would then be clearly entitled to 'her sister's share.' That share was a life interest and it may be that testator intended Elizabeth to get a life interest only. See *Den, ex dem. Howell* v. *Howell, 20 N. J. Law 411, 417,* and *Jacob Tome Institute* v. *Shipley, 102 Md. 642; 62 Atl. Rep. 1042.* Such a construction would fit neatly the word 'surviving': Mr. Hayes gave Elizabeth in the first place a life estate in Park Place; he intended her to have the same interest in Springfield, provided Sarah leave no issue; but she would have to outlive Sarah to enjoy it. Or it may be that 'her sister's share' refers not to the *quantum* of the estate but to the land at Springfield (see *In re Hoffman's Will* (*N. Y.*), *94 N. E. Rep. 990*); and that Elizabeth would take a fee in her sister's share, though she had only a tenancy for life in her own share. Under no reasonable construction do Elizabeth's issue have an interest in the Springfield lands. Counsel for the Van Nest children do indeed ask me to insert after the provision for the surviving child, words that will identify it as a life estate and then to add a gift in remainder to her issue. But there is no foundation in the will for such a construction. In our search for testator's intention, let us not forget that he may have meant exactly what he wrote in his will.

"There are cases, such as *Re Bowman,* and *Stout* v. *Cook, supra,* and others there cited by Vice-Chancellor Howell, in which a testator has evinced particular care for his grandchildren and courts enlarge 'surviving children' of testator to include those who survive *per stirpes* though not in person, to the end no grandchild be excluded. But Mr. Hayes' will is not of that character; he gave the issue of either child no interest whatever in the share of the other child.

"If the contention of the Van Nest interest were correct, then Mrs. Van Nest had not only her own life interest, but a remainder in fee in her sister's land. She could dispose of it

by will as she please, though she could not know the family situation which would exist years later at her sister's death when the right to enjoy the estate would begin. Under the opposite construction, each of the sisters—as heirs of their father—had a one-half of the reversion and each could make such disposition of it as she chose. I think this is the result the testator intended—if he gave thought to the contingency which has actually happened.

"There are a few other problems, but they have not been fully argued, so I express no opinion on them at this time: The effect of the residuary clause, especially on the $40,000 trust fund; the bearing of the codicil; the deed given the trustees by Mrs. Hayes, and her will.

"I will be glad to hear from counsel further on these matters.

"Since writing the foregoing, I have been asked to hear reargument based on the theory that the gift in remainder to 'the surviving child' vested on the death of testator, subject to divestment by death, and that 'on the death of all remaindermen prior to the determination of the particular estate, the remainder of each devisee is not divested but remains vested in each remainderman or his heirs or representatives.' *69 C. J. 654.* This rule does not apply, since the gift to 'the surviving child' was contingent and never vested. In addition to the cases above cited, see *Vantilburgh* v. *Hollinshead, 14 N. J. Eq. 32; Tantum* v. *Campbell, 83 N. J. Eq. 361,* and *Teets* v. *Weise, 47 N. J. Law 154.* A case in which all of a class described as surviving children died before the expiration of the preceding estate and intestacy resulted, is *Holcomb* v. *Lake, supra.*

"Counsel agree that the residuary clause of Mr. Hayes' will and the codicil have no effect on the distribution of the fund which has been produced by the sale of the Springfield land, and that Mrs. Hayes had no equitable interest in the land except her life estate under the will. Or else, that whatever interest she had passed at her death to her two daughters as her heirs. Therefore, there may now be a partial final decree directing that as soon as the trustees' accounts are settled, the fund may be divided between the executors of Mrs. Van Nest's will and the executors of the will of Sarah E. Hayes."

*Mr. John D. McMaster,* for the appellant.

*Messrs. Collins & Corbin, Messrs. Lindabury, Depue & Faulks* and *Mr. William L. Rae,* for the respondents.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion delivered by Vice-Chancellor Bigelow in the court of chancery.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ.  14.

*For reversal*—None.