S. Samuel Di Falco, S.
In this proceeding for the settlement of the account of the executor, construction of article Fifth of the will is required. The testatrix there stated: “ Fifth: All the rest, residue and remainder of my estate aforesaid, of which *951 I may die seized or possessed, or to which I may be entitled at the time of my decease, and which shall be converted into cash ■ as aforesaid, I give, devise and bequeath to my sisters Flora Nagel, Belle Goldensou and Sarah Pincus, and my brothers Ben IJry and Gus Ury, share and share alike, per stirpes, and not per capita.”
Two of the named legatees, Sarah Pincus and Gus Ury predeceased the testatrix and left no issue surviving. The testatrix had another sister Bertha Brown who was not named in the residuary clause and who also predeceased her, leaving two children who have filed objections to the account on the ground that there has been an intestacy as to the shares of the estate left to the deceased legatees.
The petitioner argues against this result upon the ground that it was the intention of the testatrix to disinherit her sister Bertha who was indebted to her in the sum of $12,000, an amount which she specifically directed her executor to collect. The reasons advanced by the petitioner fall short of causing the court to depart from the rule established by a long line of authorities. It is quite clear, of course, that the gift of the residuary estate was a gift to individuals and not to a class (Matter of Kimberly, 150 N. Y. 90). Under these circumstances, the legacies clearly lapsed and pass as in intestacy because of the rule prohibiting the establishment of a residue upon a residue (Wright v. Wright, 225 N. Y. 329). The will is so construed. Counsel fees have been fixed.
Submit decree on notice settling the account as filed and construing the mil in accordance with the foregoing.