Pierson E. Hildreth, S.
On this accounting a construction is requested and required in order to determine proper disposition of a trust created under Article “ fourth ” of decedent’s will.
When testator died he was survived by his wife, his son, a brother and three sisters. Testator’s will created a trust which in substance provided income therefrom to the wife for her life and then, if he survived the wife, one half of the principal to the son outright and income from the remaining one half to the son for his life, with distribution of the remainder according to which of certain specified events might occur. If the son survived the wife then on the son’s death the remainder was left to the persons constituting the son’s distributees as of the date of the son’s death. If the son predeceased the wife (which happened), the remainder on the wife’s death would go to the son’s issue if he had issue. If he had no issue (and he did not) the will provided that the trustees pay from the remainder upon the wife’s death $5,000 to the trustees of the lawrenceville school and the rest pursuant to a clause reading as follows: “to the following relatives in the following proportions or to such of them who shall then be living, and to the issue of any of them who shall then be deceased, the latter taking per stirpes and not per capita, to wit:
“ To mart belknap murphy, my sister, one-fourth part thereof;
“ To jennet maitland lloyd, my sister, one-fourth part thereof;
‘ ‘ To Elizabeth belknap jones, my sister, one-fourth part thereof;
*348 ‘1 To maitland belknap, my brother, the remaining one-fourth part thereof.”
Thus testator created two successive life estates with ultimate disposition depending upon whether or not the second life tenant survived the first life tenant. If the second life tenant did not survive the first life tenant (which was what happened), disposition then depended upon whether or not the second life tenant left issue. If he did not leave issue (which was what happened), the quoted provision giving the remainder to the designated relatives would provide for disposition of such remainder.
The named brother survived the testator but died without issue before the wife. The wife has died and now the question is whether the estate of the brother is entitled to the one-fourth part given to testator’s brother, or whether the remainder is to be divided to the exclusion of the brother’s estate. Did testator intend, if his son predeceased testator’s wife and left no issue, to give each named brother and sister individually, in his or her own right, a one-fourth part of the remainder subject only to divestment if he or she predeceased testator’s wife leaving issue? Did he intend that the named brother and sisters specifically mentioned must each survive the wife in order to take ?
If testator intended a gift to a collective class which would comprise only such of his named brother and sisters as survived the wife and the issue surviving the wife of any who predeceased the wife leaving issue, it seems to the court that he could have and would have made his intent quite clear and free of doubt by simply stating that on death of his wife the remainder would pass to his brother and sisters who survived her and the issue surviving her of any who had predeceased her per stirpes. There would have been no purpose in naming each individually or specifying definitely that each receive a one-fourth portion because obviously the shares might turn out to be some other proportion such as one third, one half, the whole, or otherwise as the case might be.
There is obviously a substitutionary gift to issue of any brother or sister who predeceases testator’s wife and dies leaving issue, but it is not clear from the above-quoted provisions whether the reference to issue is a reference to them as a part of a class sharing in the entire residue, or whether it indicated an intent that a brother or sister must survive the wife in order to take in any event, or whether it is a reference to them as taking only a substitutionary gift of the one-fourth share given *349 to a respective ancestor who may have predeceased the wife leaving issue.
It seems of compelling significance to the court that testator specified his brother and each sister by name, and in addition unequivocally stated that they take the specified proportions of one fourth each and made no provision for a gift over of any such share if any one of them predeceased the wife without issue. If he intended that any brother or sister must survive the wife in order to take, he could easily have said so, because he must have known that such occurrence would negative his expression that each was to have a one-fourth part. The language used seems to indicate that his dominant purpose and intent was that each brother and sister receive a one-fourth part of the remainder in his or her own right regardless of survivorship of the wife. Other provisions of the will indicate that testator and the draftsman were well aware of suitable phraseology to clearly effectuate a substitutionary gift to others if a specified person should not survive another or should die without issue if that had been intended with respect to this legacy to his brother and sisters.
Usually if a class gift is intended the property is given in the aggregate and unapportioned, the number of shares being uncertain and ascertainable only when the class is determined, without mention of names or the number or specific shares of a taker. When the takers are designated by name and the share of each is specified, it is an indication of a gift to each named person separately in his or her own right (Carley v. Harper, 219 N. Y. 295, 305; Matter of King, 200 N. Y. 189,193), and this is not changed by a further proviso that in case one of the designated persons dies his share be taken by his issue. (Matter of Russell, 168 N. Y. 169, 178.)
Here, testator having specifically designated his brother and three sisters by name and having stated that each have a one-fourth share, the court is of the opinion that he intended each to receive the stated proportion in his or her own right subject to be divested only in case any one of them should predecease testator’s wife leaving issue. The words “in the following proportions,” “ one-fourth part thereof ” and “ the remaining one-fourth part thereof” cannot be rejected as meaningless or repugnant. Excision is generally only a last resort to be availed of when all efforts to reconcile inconsistency by construction have failed. (Matter of Buechner, 226 N. Y. 440, 443, citing Adams v. Massey, 184 N. Y. 62, 69 and Van Nostrand v. Moore, 52 N. Y. 12, 20.)
*350 Testator here having designated each of the ultimate remaindermen by name as the takers of specified shares, each had an expectant estate in a one-fourth part which was devisable and alienable subject only to divestment and substitution in favor of issue if any predeceased the wife leaving issue. Accordingly, the court finds that the one-fourth share given to the brother passes to his estate, and not to the sisters or their issue, or otherwise.