[No. 958-3. Division Three. December 19, 1974.]

*In the Matter of the Estate of* KIZZIE BELLE GRIFFEN, *Deceased.*
WILLA HARRINGTON, *Appellant,* v. H. W. HAUGLAND *et al., Respondents.*

*Peter G. Young* (of *Engst, Phelps & Young*), for appellant.

*Barbara Ohnick* (of *Ashley, Foster, Pepper & Riviera*) and *Dale Sherrow* (of *Haugland & Sherrow*), for respondents.

GREEN, C.J.—Willa Harrington, the adopted daughter of a residuary beneficiary, appeals an order construing a will.

Kizzie Belle Griffen died testate leaving neither natural nor adopted issue. After her will was admitted to probate and an alternate executor confirmed, the trial court, upon the motion of all claimants to the testatrix's estate, construed the will based upon the court file and a stipulation of the claimants.

The undisputed facts are: (1) The testatrix had five heirs-at-law; (2) the testatrix made a bequest to Mary Hoppe which would lapse upon her death prior to the testatrix's death; (3) Willa Baughman, the testatrix's stepdaughter, was the residuary beneficiary of the will; (4) the residuary beneficiary predeceased the testatrix, leaving as her sole heir an adopted daughter; (5) in the event Willa Baughman predeceased the testatrix, the will provided for a specific alternate executor to be appointed; and (6) the words establishing the residuary bequest were to "Willa Baughman, .. . . to have and to hold the same unto herself and her heirs forever."

Based on the foregoing, the court concluded the words of the residuary bequest were ones of limitation and not substitution; the bequest in the residuary clause lapsed; and the testatrix's estate passed to her heirs-at-law via descent and distribution.

The sole issue presented is whether the court erred in finding the words "to have and to hold the same unto herself and her heirs forever" evidenced a limitation rather than a substitution. We answer in the affirmative.

■ While the trial court was correct that the instant words are presumptively ones of limitation, it was the paramount duty of the court to construe the will to give effect to the testatrix's intent. *In re Estate of Riemcke*, 80 Wn.2d 722, 497 P.2d 1319 (1972). As observed in *In Re Estate of Quick*, 33 Wn.2d 568, 581, 206 P.2d 489 (1949):

> Our problem is simply this: What did she intend to do? But in determining her intent, we have a right, and it is our duty, to keep before us the well-established rule that people making wills do not intend to die intestate, and that the law favors that construction which holds that an estate vests, rather than that which considers it contingent.

*See* 6 W. Bowe & D. Parker, *Page on The Law of Wills* § 50.8 at 74-75 (1962).

The will is simple but complete. The testatrix did not overlook the question of lapse. The devise to Mary Hoppe

was expressly contingent upon her survival of the testatrix. The devise to Willa Baughman was not. Clearly this indicates not only the testatrix's awareness of the question of lapse, but her intent that the words used in the residuary bequest be those of substitution. *Collins's Estate*, 9 Pa. D. & C. 520 (Orphans' Ct. 1927). This conclusion is further strengthened by the provision for an alternate executor if the residuary beneficiary predeceased the testatrix or was unable to act. *Davis's Heirs v. Taul*, 36 Ky. 38, 6 Dana 51 (1837). Moreover, the heirs-at-law were not mentioned in the will.

Respondents' reliance upon the technical rules of interpretation found in *In re Estate of Tipp*, 54 Wn.2d 585, 343 P.2d 566 (1959), *Welter v. Seattle-First Nat'l Bank*, 25 Wn.2d 286, 170 P.2d 867 (1946) and *In re Estate of Searl*, 29 Wn.2d 230, 186 P.2d 913, 173 A.L.R. 1247 (1947) is not justified because of the intention expressed by the testatrix and our duty to effectuate it. *In re Estate of Quick, supra.*

The judgment of the trial court is reversed and the cause is remanded for proceedings in accordance with this opinion.

Munson and McInturff, JJ., concur.

Petition for rehearing denied February 18, 1975.

Review granted by Supreme Court April 28, 1975.