[No. 1164-3. Division Three. July 16, 1975.]

*In the Matter of the Estates of* OSCAR P. WAGGONER *et al.* MARGARET ERMA WILSON *et al, Appellants,* v. MARJORIE EVELYN RAY, *Respondent.*

*Donald W. Schacht, Madison R. Jones,* and *Vaughn Hubbard,* for appellants.

*Arthur L. Hawman, William M. Tugman,* and *Robert L. Zagelow,* for respondent.

McINTURFF, C.J. — The respondent-petitioner, Marjorie Ray, individually and as guardian for the children of Vernon M. Waggoner, instituted this action seeking an interpretation of the wills of Oscar and Arnet Waggoner. A factual background is necessary to understand the sole issue in this case.

The wills of Oscar and Arnet were filed respectively for probate in 1952 and 1963. Oscar and Arnet were survived by seven children. Oscar's will provided for successive life estates in certain real property, first to his wife, Arnet, and then to his seven children in equal shares for "the natural lifetime of each."[1] The remainder was devised to the issue of his children, the grandchildren, to take by representation

---

[1] "Upon the death of my said wife, I give and devise the said farmlands in remainder unto my sons and daughters, EMERSON O. WAGGONER, EDWARD G. WAGGONER, MARJORIE EVELYN RAY, MARGARET ERMA WILSON, KENNETH C. WAGGONER, WILMA J. THOMAS and VERNON M. WAGGONER, to have and to hold the same unto them in equal shares for and during the period of the natural lifetime of each thereof, likewise to have the management, operation and control of said lands, and to have the income therefrom after paying taxes and upkeep of the said property, with remainder in said lands, after the termination of said life estate, unto my grandchildren, the issue of my said children, the said issue to take by way of representation the share of the parent.

"In case of the death of any of my said children before the termination of the life estate in my said wife, then I direct that the issue of such deceased child shall take, by way of representation, the share of the deceased parent; but if such deceased child leaves no issue,

the parent's share. Arnet's will provided for life estates in the real property to the seven children in equal shares with the remainder to go to their grandchildren[2] by representation. Vernon Waggoner, one of the seven children, died in 1967 and left five children surviving him. Emerson Waggoner, another of the seven children, died in 1972 *leaving no issue*. The other five children of Oscar and Arnet are still living.

The trial court held that the remainder interest at issue vests equally among Emerson's surviving brothers and sisters and Vernon's children by right of representation. The sole question to be decided is whether Vernon's heirs (grandchildren) take a share in the one-seventh remainder interest, since Emerson had no children, or whether it all passes to the surviving five children of Oscar and Arnet.

The appellants—two of the five surviving children—contend that the intention expressed by the language of the will is that the remainder interest in question should be distributed only to the five surviving children of Arnet and Oscar. Appellants emphasize that Oscar's and Arnet's wills provide that if a deceased child leaves no issue then the interest remaining after that life estate terminates passes to

---

then his or her interest in said property shall go to the survivors of my said children, in equal shares, also for their lifetime, with remainder to their issue by way of representation."

[2]"All of my interest in real property or farming land, wheresoever situate, I give, devise and bequeath unto my children, EMERSON O. WAGGONER, EDWARD G. WAGGONER, MARJORIE EVELYN RAY, MARGARET ERMA WILSON, KENNETH C. WAGGONER, WILMA J. THOMAS and VERNON M. WAGGONER, to have and to hold the same unto them in equal shares for and during the period of the natural lifetime of each thereof, they to have the management, operation and control of said lands, and to have the income therefrom after paying taxes and upkeep of said property, with remainder in the said lands, after the termination of said life estate, unto my grandchildren, the issue of my said children, the said issue to take by way of representation, the share of the parent.

"In case of the death of any of my said children prior to my death, then I direct that the issue of such deceased child shall take, by way of representation, the share of the deceased parent; but if such deceased child leave no issue, then his or her interest in said property shall go to the survivors of my said children in equal share, also for their lifetime, with remainder to their issue by way of representation."

the survivors of their children for their lifetime with the remainder to their issue.

Respondent contends that Oscar and Arnet died intestate as to the remainder interest and it reverts to the heirs at law of the testator. Respondent emphasizes that the portion of the wills upon which appellant relies to support his interpretation is not applicable, since it relates to the death of one of Oscar's and Arnet's children prior to their death. We agree.

■ The intention of the testator as manifested by the language in a will must be given effect.[3] The third paragraph of article 5 of Oscar's will provided:

> In case of the death of any of my said children *before* the termination of the life estate of my said wife . . .

(Italics ours.) The second paragraph of article 9 of Arnet's will provided:

> In case of the death of any of my said children *prior* to my death . . .

(Italics ours.) Since none of their children died prior to Oscar's and Arnet's death, these two portions of their wills are not applicable to the disposition of the property. The authority cited by appellants is irrelevant because in each of those cases the will specifically provided for the remainder interest to pass to the testator's children, and not to the grandchildren, upon the death of any of his children without issue.[4]

■ The wills of Oscar and Arnet gave a life estate of equal shares in their real property for their seven children. Upon the termination of each life estate the remainder was devised to the children of each parent by representation. Each of the seven remainder interests constitutes separate

---

[3] RCW 11.12.230; *Holmes v. Holmes*, 65 Wn.2d 230, 233, 396 P.2d 633 (1964).

[4] *In re Downing*, 260 N.Y. 635, 184 N.E. 125 (1932); *In re Daniels' Estate*, 107 N.Y.S.2d 190 (Sur. Ct. 1951); *Van Nest v. Van Nest*, 126 N.J. Eq. 234, 8 A.2d 558 (1939); *Stout v. Cook*, 79 N.J. Eq. 640, 81 A. 821 (1911).

class gifts.[5] Each remainderman's interest constituted a vested remainder subject to open or partial divestment.[6] But when the person to whom the remainder interest is devised remains uncertain until the end of the life estate, the remainder is contingent.[7] Thus, Emerson Waggoner's unborn issue as a class held a contingent remainder in the real property until the termination of the life estate.

If no person in the class was in existence when the devise of real property was to vest, i.e., upon the termination of the life estate, the devise failed.[8] Since the devise failed and the wills provided no provision for the passage of the remainder interest, we must turn to the laws of intestacy.

RCW 11.12.180 provides:

> If any person, by last will, devise any real estate to any person for the term of such person's life, such devise vests in the devisee an estate for life, and unless the remainder is specifically devised, it shall revert to the heirs at law of the testator.

In addition, RCW 11.04.015 provides:

> The net estate of a person dying intestate, or that portion thereof with respect to which the person shall have died intestate, . . . shall be distributed as follows:
>
> . . .
>
> (2) . . .
> (a) To the issue of the intestate; if they are all in the same degree of kinship to the intestate, they shall take

---

[5] Each remainder interest was gifted to an uncertain number of children at the time of the gift, the share of each child being dependent upon the ultimate number in each class. *Denton v. Schneider*, 80 Wash. 506, 512-13, 142 P. 9 (1914); 4 Page, *Law of Wills* § 35.1, at 487 (Bowe-Parker 3d rev'd ed.); *see In re Estate of Stanford*, 49 Cal. 2d 120, 315 P.2d 681, 683 (1957); Restatement of Property § 157, comment *s* at 551 (1936); Restatement of Property § 279, at 1452 (1940).

[6] *In re Estate of Stanford*, 49 Cal. 2d 120, 315 P.2d 681 (1957); 5 Page, *Law of Wills* § 43.1, at 357; L. Simes, *Law of Future Interests* § 11, at 20 (2d ed. 1966).

[7] *Shufeldt v. Shufeldt*, 130 Wash. 253, 261, 227 P. 6 (1924).

[8] 4 Page, *Law of Wills* § 55.12, at 527-28 (Bowe-Parker 3d rev. ed.)

equally, or if of unequal degree, then those of more re-mote degree shall take by representation.

Accordingly, the heirs constitute the five surviving issue of Oscar and Arnet and the five children of Vernon Waggoner who take by representation. There is no provision in the wills to indicate the testators' intent, upon the death of one of their children without issue subsequent to the testators' death, that the remainder interest should pass only to Oscar and Arnet's surviving children and not to their grandchildren. In fact, it would seem clearly contrary to the testators' intent that the issue of the testators' children not receive equal shares by representation. If we were to accept appellant's contention, the issue of the five surviving children would be able to divide among themselves a greater portion of the testators' property than the issue of Vernon Waggoner.

The trial court properly distributed the one-seventh re-mainder interest in equal shares among the five surviving children and the children of Vernon Waggoner, who take by representation.

Judgment of the Superior Court is affirmed.

MUNSON and WILLIAMS, JJ., concur.