[No. 43666. En Banc. December 11, 1975.]

*In the Matter of the Estate of*
KIZZIE BELLE GRIFFEN.
WILLA HARRINGTON, *Respondent,* v. H. W. HAUGLAND, *Respondent,* DALE C. GAMBS, ET AL, *Petitioners.*

*Barbara Ohnick* (of *Foster, Pepper & Riviera*), for petitioners.

*Peter G. Young* (of *Engst, Phelps & Young*), for respondent Harrington.

Rosellini, J.—The will of Kizzie Belle Griffen declared that she was a widow having no child or issue, included one specific bequest to her friend, Mary Hoppe, "provided she survives me," named her stepdaughter, Willa Baughman, as executrix of her estate, and named her attorney alternate executor in the event Willa Baughman should predecease her or be unable or unwilling to serve.

The residue of her estate was disposed of in the following paragraph:

> I do give, devise and bequeath all of the rest, residue and remainder of my estate, wheresoever situated, possessed or owned by me at the time of my death, with all the remainder and remainders, reversion and reversions, together with the appurtenances thereunto belonging, unto my step-daughter, Willa Baughman, of Bridgeport, Washington, to have and to hold the same unto herself and her heirs forever.

The will made no mention of any of the testatrix' heirs at law, all of whom were collateral.

The stepdaughter predeceased the testatrix, leaving as her sole heir an adopted daughter.

The executor petitioned the court for a construction of the will, inasmuch as both the heirs at law of the testatrix and the adopted daughter of the residuary beneficiary were claiming the right to take the residue.

A court commissioner, sitting as judge pro tempore, found that the words "to have and to hold the same to herself and her heirs forever," as used in the will, were words of limitation rather than of substitution. Conse-

quently, he ruled that the gift of the residue lapsed and that the heirs at law of Kizzie Belle Griffen should take her entire estate.

The Court of Appeals reversed, holding that, in the context of the will, the quoted words manifested an intent that the heirs of the residuary beneficiary should take the residue in the event that the beneficiary should predecease the testatrix. *In re Estate of Griffen*, 12 Wn. App. 302, 529 P.2d 841 (1974). We granted the petition for review filed by the heirs at law of the testatrix.

It is undoubtedly the general rule that the words "and his heirs" attached to a testamentary gift are words of limitation and not of purchase, and that such a devise or bequest lapses upon the death of the devisee or legatee in the lifetime of the testator, unless an intention on the part of the testator that such words shall effect a substitutionary gift appears from the will itself. *See* the cases cited in Annots., *Devise or bequest to one "or his heirs" or one "and his heirs" as affected by death of person named before death of testator*, 128 A.L.R. 94 (1940) and 78 A.L.R. 992 (1932). As the annotations explain, this doctrine had its origin in the technical rule requiring a mention of heirs to pass a fee simple to real property. That rule has long been abolished by statute in most jurisdictions.[1]

Since words of inheritance are no longer needed to convey a fee simple title, it has been argued that where such words are used, they are used for a different purpose, namely, to express an intent that the heirs of the named beneficiary shall take in the event he predeceases the testator. However, the courts have generally rejected this theory, reasoning that lawyers continue to use these words for the purpose of describing the estate, even though it is no longer necessary to do so.

[1] The presumption that the testator intended only to describe the estate and not to express an intent that the

---

[1] In this state, the pertinent statute is RCW 64.04.060 (Laws of 1931, ch. 20, § 1, based on Laws of 1888, § 4, p. 51).

heirs of the named beneficiary should take the devise or bequest in the event of the beneficiary's predeceasing him, is not conclusive, however. Where it can be ascertained from the four corners of the will that it was intended that the gift go to the heirs of the named beneficiary under such circumstances, that intent will be given effect. *In re Estate of Hoermann*, 234 Wis. 130, 290 N.W. 608, 128 A.L.R. 89 (1940); *In re Estate of Britt*, 249 Wis. 30, 23 N.W.2d 498 (1946); *In re Estate of Newby*, 361 P.2d 622 (Colo. 1961) (recognizing the rule); 6 Bowe-Parker, *Page on Wills* § 50.8, at 75 (1962); G. Thompson, *Law of Wills* § 493 (1947, Supp. 1962); Annots., 128 A.L.R. *supra* at 95, 99; 78 A.L.R. *supra* at 994, 1004.

This exception to the rule is in accord with the principle that the paramount duty of the court in construing a will is to give effect to the testator's intent, a principle which we recently reemphasized in *In re Estate of Riemcke*, 80 Wn.2d 722, 497 P.2d 1319 (1972). As we said there, the testator's intent must be gathered from the will as a whole; specific provisions must be construed in light of the entire document; whenever possible the actual intent of the testator should be ascertained from the language of the will itself, unaided by extrinsic facts; there is a presumption in favor of testacy and against intestacy, and the presumption is stronger where language of a residuary clause is used. We also said that while the presumption favors testacy, the court is not relieved of its obligation to construe the language of a will according to the legal effect of the words used; but that where the testator's intent is clearly manifest from the whole will and violates no rule of public policy or positive law, technical rules of construction may not be invoked to defeat such intent. The final controlling principle is that where a will evidences a careful attempt to dispose of the testator's entire estate with a view to all possible contingencies and a contingency occurs which was not contemplated, the court will give effect to the testator's intent gathered from the instrument as a whole.

Our research has uncovered only one case decided in Washington which construes words of inheritance used in a will or trust. In that case, *Shufeldt v. Shufeldt*, 130 Wash. 253, 227 P. 6 (1924), the testator had set up a trust and provided that upon a named event the trustee should convey a portion of the trust property to his son-in-law, "his heirs and assigns forever." The son-in-law died before the happening of the event upon which distribution was ordered, and the residuary legatee contended that the gift had lapsed and fallen into the residue. The question was whether, under the will, the son-in-law took a vested or a contingent remainder.

Observing the rule that the court must give effect to the intent of the testator if it can be gathered from the will, the court quoted from *Lemming v. Sherratt*, [1835-42] All E. R. Rep. 458:

> "The question in all the cases has been, whether the testator intended it as a condition precedent that the legatees should survive the time appointed by him for the payment of their legacies, and the answer to this question has been sought for out of the whole will, and not in particular expressions."

*Shufeldt v. Shufeldt, supra* at 259.

This court held that the words "to him, his heirs and assigns forever," as used in the will, indicated an intention to devise a definite and certain estate to the son-in-law, which passed to his heirs upon his death before the date of distribution.[2] It recognized the efficacy of the principle that words of art will not be given their ordinary legal import if the will read as a whole indicates that this was not the meaning intended.

That case differed from this in this respect: There the son-in-law survived the testator but did not live to receive

---

[2] While the court remarked that the significance of the words "to him, his heirs and assigns forever" is ordinarily that they are words of purchase, the briefs filed in the action as well as the context and the conclusion reached by the court, indicate that the use of the word "purchase" was inadvertent and that the court actually intended to recognize the general rule that such words are words of limitation.

distribution of the trust estate. However, essentially the same question appears in both cases—that is, Did the testator or testatrix manifest an intent that the heirs of the legatee should receive the bequest as substitute beneficiaries?

Did the testatrix here intend that in the event the residuary legatee should predecease her, the residue should pass to that legatee's heirs? Or did she fail to consider the possibility that she would outlive the legatee? Or did she intend that the residue should pass by the laws of intestacy, if the residuary legatee named in the will should predecease her?

We think the Court of Appeals correctly construed the will. It observed that the testatrix was aware not only of the possibility that a legatee might predecease her, but specifically of the possibility that Willa Baughman might predecease her, for she provided that in that event an alternate executor should administer her estate; furthermore, it observed that the specific bequest to Mary Hoppe was expressly contingent upon her surviving the testatrix, while the devise to Willa Baughman was not; finally, that the heirs of Willa Baughman were mentioned in the will, while the heirs of the testatrix were ignored.

No reasonable construction of this simple will could lead to the conclusion that the testatrix was unaware of the possibility that she might outlive the named residuary legatee or that she intended in any event to benefit her heirs at law. It is obvious that her affections were centered upon her stepdaughter, and that she desired her estate to go to the stepdaughter's heirs in the event she predeceased the testatrix, just as it would have gone to her natural grandchildren had Willa Baughman been her natural daughter. To provide for one's stepchildren is required by law, as long as the relationship continues. RCW 26.20.030, RCW 26.16.205; *Washington Statewide Organization of Stepparents v. Smith,* 85 Wn.2d 564, 536 P.2d 1202 (1975). To provide by will for one's stepchild and his heirs, therefore, cannot be contrary to public policy but is in harmony with

it. This interpretation of the will offends none of the principles set forth in *In re Estate of Riemcke, supra,* but naturally flows from their application.

As the attorney who drafted the will is undoubtedly now aware, the better practice is to avoid such possible ambiguities as that which appears in the residuary clause by expressly providing that the heirs shall take the legacy in the event the named legatee should predecease the testator. We have no doubt that this is the general practice, since, insofar as we have been able to ascertain, the question has come to this court only twice in its history.

The judgment of the Court of Appeals is affirmed.

STAFFORD, C.J., and FINLEY, HUNTER, HAMILTON, WRIGHT, UTTER, BRACHTENBACH, and HOROWITZ, JJ., concur.