[No. 3387-1. Division One. November 1, 1976.]

*In the Matter of the Estate of* DORIS NEWBERT.
ROBERT G. MASLAN, *as Administrator, Appellant,* v. ISRAEL
REEF, ET AL, *Defendants,* MARY PRITCHARD, *Respondent.*

*Maslan & Hanan* and *Ben A. Maslan,* for appellant.

*Perkins, Coie, Stone, Olsen & Williams* and *Steven S. Bell,* for respondent.

CALLOW, J.—The appellant, representing the estate of Percy Reef, the sole surviving brother and a beneficiary under the will of Doris Newbert, appeals from a summary judgment interpreting and construing a clause in the will in favor of the respondents, a group of nieces, nephews, grandnieces, and grandnephews of the deceased husband of the testatrix and also beneficiaries under the will of Doris Newbert. The Superior Court determined that the will

made individual, distributive gifts to the brothers and sisters listed in the will rather than a class gift to the brothers and sisters with a right of survivorship within the class. The result of the trial court's interpretation of the will is to award one-sixth of the estate to the sole surviving brother and five-sixths thereof to nieces, nephews, grandnieces, and grandnephews. We affirm.

Doris Newbert died on November 2, 1970, and left a will providing in paragraph II(B):

> Upon the death of my husband this trust shall cease, and the corpus, plus any earnings accumulated and unpaid, shall be distributed in equal shares to my following brothers and sisters:

| Name | Last Known Address |
|------|--------------------|
| Rebecca Reef | Odessa, Russia |
| David Reef | London, England |
| Percy Reef | London, England |
| Lilly Reef | Odessa, Russia |
| Frank Reef | London, England |
| Jack Reef | London, England |

> if they be living, or, if they be not living, in equal shares to the then living children and grandchildren of my husband's brothers, Vinton E. Newbert, Paul R. Newbert, Karl M. Newbert, and my husband's sister, Rose M. Newbert Peters.

Percy Reef was the sole surviving brother of Doris Newbert on the date of her death. Although he later died, the administrator of his estate with the will annexed petitioned for a determination of heirship and contended that paragraph II(B) of the will created a class gift with the accompanying right of survivorship among any surviving brothers and sisters. The argument is made by the administrator of the estate of Percy Reef that, because Doris Newbert's husband and all of her other brothers and sisters had predeceased her, the estate of Percy Reef was immediately entitled to her entire estate. A representative of the group of beneficiary nieces, nephews, grandnieces, and grandnephews of her deceased husband living at the date of Doris Newbert's death, however, contested the petition and argued that paragraph II(B) of the will created not a class

gift.. but equal distributive gifts to any surviving brothers and sisters as individuals. The representative of the nieces and nephews argues that the estate of Percy Reef was entitled to only one-sixth of the estate of the testatrix and that the remaining five-sixths should be distributed to the group of nieces, nephews, grandnieces, and grandnephews living at the date of her death. Both parties moved for summary judgment. The Superior Court construed the contested clause of the will to have created individual distributive gifts to any surviving brothers and sisters rather than a class gift with the right of survivorship. One-sixth of the estate was awarded to the estate of Percy Reef, and the remaining five-sixths was awarded to the nieces, nephews, grandnieces, and grandnephews.

·The question presented is whether paragraph II(B) of the will created a class gift with the right of survivorship in the six listed brothers and sisters, or individual distributive gifts as tenants in common of one-sixth of her estate to any surviving brother or sister.

█ A class gift has been defined as

·a gift of an aggregate sum to a body of persons uncertain in number at the time of the gift, to be ascertained at a future time, and who are all to take in equal or in some other definite proportions, the share of each being dependent for its amount upon the ultimate number of persons.

1 C. Sanger, *A Treatise on Wills* ch. X, § VI(E), at 310 (7th ed. 1930); *Betchard v. Iverson*, 35 Wn.2d 344, 212 P.2d 783 (1949); *In re Estates of Waggoner*, 13 Wn. App. 933, 538 P.2d 141 (1975). Further, as observed in *Continental Ill. Nat'l Bank & Trust Co. v. Eliel*, 17 Ill. 2d 332, 339, 161 N.E.2d 107, 110-11 (1959):

· Many other factors are to be considered to determine if a class is indicated by the will: the fact that there is, a natural class among the beneficiaries; the relation of the testator to the objects of his bounty; the subject matter of the gift; the skill of the draftsman of the will; ·the circumstance that a construction of a gift as one to individuals will produce a partial intestacy; and the circumstance that the testator, although knowing of the death of a beneficiary, failed to make any change in the

will with respect to the gift as one to individuals, resulting in favoring strangers to the testator's blood.

Although this definition of a class gift is generally recognized, the paramount duty of a court in construing and interpreting the language of a will is to determine and implement the intent of the testator or testatrix. RCW 11.12.230; *In re Estate of Griffen*, 86 Wn.2d 223, 543 P.2d 245 (1975), *aff'g* 12 Wn. App. 302, 529 P.2d 841 (1974); *In re Estate of Riemcke*, 80 Wn.2d 722, 497 P.2d 1319 (1972); *Anderson v. Anderson*, 80 Wn.2d 496, 495 P.2d 1037 (1972); *In re Estate of Vance*, 11 Wn. App. 375, 522 P.2d 1172 (1974); Restatement of Property, *Future Interests* §§ 280, 281, 282 (1940). If a clause in a will contains a gift to a number of persons described not only as a class but also named individually, then the gift is presumptively a distributive gift to individuals rather than a class gift. *Denton v. Schneider*, 80 Wash. 506, 142 P. 9 (1914); *Peck v. Peck*, 76 Wash. 548, 137 P. 137 (1913); 4 W. Bowe & D. Parker, *Page on Wills* § 35.4 (new rev. 1961); Restatement of Property, *Future Interests* § 280 (1940); L. Simes, *Law of Future Interests* § 101 (2d ed. 1966); *When is a gift by will or deed of trust one to a class*, Annot., 61 A.L.R.2d 212, § 36 (1958), *supplementing* Annot., 75 A.L.R. 773 (1931); Cooley, *What Constitutes a Gift to a Class*, 49 Harv. L. Rev. 903 (1936); Note, 8 Ark. L. Rev. 509 (1954); *Developments in the Law—Future Interests-1932-1934*, 48 Harv. L. Rev. 1202, at 1221-22 (1935). *See also In re Will of Belknap*, 29 Misc. 2d 346, 218 N.Y.S.2d 19 (1961); *In re Estate of Winburn*, 14 Misc. 2d 950, 179 N.Y.S. 297 (1958). The specific listing of brothers and sisters in paragraph II(B) favors the interpretation that the testatrix intended six individual gifts rather than a class gift to only surviving brothers and sisters.

The terms of the will in question and the extrinsic circumstances do not suggest a contrary, controlling testamentary intent to create a class gift that would overcome the presumption of individual gifts arising from the naming of the specific beneficiaries. The challenged clause of the will

does not contain clear, specific language which creates either a right of survivorship or a class gift to the brothers and sisters. As stated by the drafter of the will in an affidavit, the testatrix intended individual gifts rather than a gift to a class. If a class gift were intended, then the proper and precise terminology would have been used. *Peck v. Peck, supra*; Restatement of Property, *Future Interests* § 280 (1940). In addition, the will of the testatrix does not demonstrate a dispositive scheme to favor only her own blood line and to exclude the nieces, nephews, grandnieces, and grandnephews of her deceased husband from a share of her estate. The will, instead, contains a gift over to her late husband's relatives of the share of any brother or sister who should predecease the testatrix. In view of this terminology, the will should not be interpreted as making a gift to a class with the right of survivorship, nor should an intent of the testatrix to exclude her husband's relatives from a share of her estate be read into the will. *See* Cooley, *What Constitutes a Gift to a Class*, 49 Harv. L. Rev. 903 (1936); Restatement of Property, *Future Interests* § 281 (1940).

Finally, the circumstances do not require that the will be construed to create the gift as one to a class to prevent intestacy or lapse. The testatrix herself provided a gift over to dispose of the share of any brother or sister who should predecease her. Cooley, *What Constitutes a Gift to a Class*, 49 Harv. L. Rev. 903 (1936); Restatement of Property, *Future Interests* § 281 (1940).

Both the will and circumstances at the time of its execution indicate that the testatrix was not thinking of her brothers and sisters as a fluctuating group. *See* Restatement of Property, *Future Interests* § 279 (1940). The evidence reveals a testamentary intent to benefit each surviving brother and sister with a gift of one-sixth of the estate of the testatrix. If any brother or sister failed to survive the testatrix, then those one-sixth shares were to go to the group of nieces, nephews, grandnieces, and grandnephews of the deceased husband of the testatrix.

Paragraph II(B) of the will must be construed to create equal individual gifts in each listed and surviving brother and sister rather than a class gift with the right of survivorship. The summary judgment awarding one-sixth of the estate to the sole surviving brother of the testatrix and the remaining five-sixths of the estate to the nieces, nephews, grandnieces, and grandnephews of the deceased husband of the testatrix is affirmed.

SWANSON and ANDERSEN, JJ., concur.

Petition for rehearing denied January 5, 1977.