# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the ) | No. 79261-0-I |
| ) | |
| MARITAL TRUST B CREATED ) | DIVISION ONE |
| UNDER THE LAST WILL AND ) | |
| TESTAMENT OF FELECIA A. ) | |
| GRAHAM DATED OCTOBER 26, ) | PUBLISHED OPINION |
| 1998, F/B/O FREDERICK A. ) | |
| GRAHAM. ) | |
| ) | |
| FREDERICK A. GRAHAM, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | |
| ) | |
| BANK OF AMERICA, N.A., ) | |
| ) | |
| Respondent. ) | FILED: December 30, 2019 |

LEACH, J. — Frederick A. Graham appeals a trial court order denying his request for a declaration of his rights in a trust created by Felecia Graham's will. This trust creates a life interest in Frederick. On his death, the trust distributes its net assets as Frederick appoints or provides in his will. If he does neither, the assets are distributed to his estate. Frederick asked the court to declare that he owns the remainder interest in the trust assets and can bind that interest without

it being separately represented. We disagree, affirm, and award the trustee attorney fees and costs against Frederick.

FACTS

Felecia Graham died in 2001. In her will, she established a trust benefitting her husband, Donald Graham Jr., for his life and giving a remainder interest to her two sons, Frederick Graham and Donald Graham III. In 2012, these three individuals signed a binding agreement[1] that ended Donald Jr.'s lifetime interest in the trust and divided it into two subtrusts, one for the benefit of each son. This appeal concerns the subtrust (hereinafter "the trust") for Frederick Graham.

The trust directs the trustee to pay the trust income to Frederick annually for the rest of his life. It also permits the trustee to make distributions from the principal in certain circumstances:

> If . . . in the judgment of the Trustee the aggregate income payable to any descendant, together with the other resources and income of such beneficiary which the Trustee deems to be reasonably available to him or to her for such purposes . . . shall be insufficient to provide for the proper support in his or her accustomed manner of living . . . , the Trustee may distribute or expend for the benefit of such beneficiary such portion of the principal of [the trust] as the Trustee shall deem necessary for such purpose under the circumstances.

---

[1] See RCW 11.96A.220.

The trust provides that when Frederick dies, his "share of the net assets of the trust estate shall be distributed as he shall appoint or provide by his will or, in the absence of such appointment or provision, to his estate."

After Bank of America N.A. (the Bank) became the trustee, Frederick disagreed with the amount that the Bank distributed to him annually. He received an initial increase but asked the Bank for more.

Frederick did not agree with the new amount that the bank suggested. The parties' efforts to negotiate an agreement under the Trust and Estate Dispute Resolution Act[2] (TEDRA) failed. The Bank then asked the trial court for guidance.

The trial court affirmed the Bank's actions and agreed with it that there is "a separate remainder interest" in the trust. Frederick appealed this decision. He asked this court to determine as a matter of law that no separate remainder interest exists. We affirmed but did not decide the issue of whether the trust includes "a separate remainder interest" held by "unascertained remaindermen." We reasoned that the determination of a separate remainder interest was not necessary to the trial court's summary judgment decision.[3]

---

[2] Ch. 11.96A RCW.

[3] In re Marital Tr. B, No. 74201-9-I, slip op. at 9 (Wash. Ct. App. Nov. 28, 2016) (unpublished), http://www.courts.wa.gov/opinions/pdf/742019.pdf, review denied, 188 Wn.2d 1004 (2017).

Frederick then filed a second lawsuit, requesting a declaration of his rights over the remainder interest in the trust. The trial court denied Frederick's request, concluding, "A separate remainder interest exists in the Trust, as held by Judge Ramseyer. Mr. Graham may not virtually represent that interest in TEDRA litigation or Non Judicial Binding Agreement, which could negatively impact the remainder interest."

Frederick appeals the trial court's order.

## STANDARD OF REVIEW

An appellate court generally reviews de novo decisions based on declarations, affidavits, and written documents.[4] So we review the trial court's decision to deny Frederick's request for a declaration of rights de novo. When we conduct a de novo review, we substitute our judgment for that of the trial court.[5]

## ANALYSIS

Frederick contends that he is the only party with a present and future interest in the trust property and any interest in his future estate is incapable of being represented under RCW 11.96A.120. Frederick claims that he effectively

---

[4] In re Estate of Bowers, 132 Wn. App. 334, 339, 131 P.3d 916 (2006).
[5] Skamania County v. Columbia River Gorge Comm'n, 144 Wn.2d 30, 42, 26 P.3d 241 (2001).

owns the property held by the trust because he controls the distribution of the remainder, either as he directs or as part of his intestate estate.

"[T]he paramount duty of a court in construing and interpreting the language of a will is to determine and implement the intent of the testator or testatrix."[6] We determine the testatrix's intent based on the provisions of the will itself.[7] We consider the entire will and give effect to every part.[8]

Felecia's will notably states that "the income of [the trust] shall be . . . paid quarterly, monthly or at such convenient intervals . . . as the Trustee [deems]." It also gives the trustee the "same authority with respect to the distribution of principal to the beneficiary." This portion of the will gave Frederick a life interest.[9] The will further states that upon Frederick's death, his share of the net assets of the trust estate "shall be distributed as he shall appoint or provide by his will or, in the absence of such appointment or provision, to his estate."

A testatrix's gift of a life interest in property to a beneficiary and the remainder to that beneficiary's estate or appointees creates a separate future

---

[6] In re Estate of Newbert, 16 Wn. App. 327, 330, 555 P.2d 1189 (1976) (citing RCW 11.12.230; In re Estate of Griffen, 86 Wn.2d 223, 543 P.2d 245 (1975)).
[7] In re Estate of Bergau, 103 Wn.2d 431, 435, 693 P.2d 703 (1985).
[8] In re Estate of Price, 73 Wn. App. 745, 754, 871 P.2d 1079 (1994).
[9] Kjosness v. Lende, 63 Wn.2d 803, 813, 389 P.2d 280 (1964).

interest for the unascertained remaindermen.[10] When this occurs, legal title to the remainder never vests in the beneficiary.[11]

Frederick claims that he effectively owns the trust property because any remainder is to be distributed as he directs in his will. We disagree. Frederick fails to appreciate the difference between a living person's and a dead person's estate. While Frederick can decide who receives the remainder interest, he does not own the trust property because legal title to it will never vest in him.[12] Frederick's TEDRA petition illustrates the flaw in his analysis. There, he alleges, "The future interest in the Marital Estate is vested in Mr. Graham because the Will gives that future interest to him at his death." But once Frederick dies, nothing can vest in him. Frederick cites no authority supporting the faulty concept implicit in his position—that a dead person can acquire property. And the trust does not give the future interest to him while alive. It allows him, while alive, only to identify other persons to receive it.

And Frederick's position would effectively give him the power to revoke the trustee's discretion over the trust property during Frederick's life, contrary to

---

[10] Bruce P. Flynn et al., Nonjudicial Dispute Resolution Agreements in Trusts and Estates—The Washington Experience and a Proposed Act, 20 ACTEC NOTES 138, 140 (1994).

[11] State ex rel. Beardsley v. London & Lancashire Indem. Co., 124 Conn. 416, 423, 200 A. 567 (1938) (holding where the testator gave the beneficiary a life interest with remainder to that beneficiary's appointees, legal title to trust property never vested in the life beneficiary).

[12] Beardsley, 124 Conn. at 423.

Felecia's intent as reflected by the provisions of her will. His position also conflicts with his agreement that he has no authority to terminate the trust. Felecia's will makes clear that she did not intend for Frederick to have an interest in the remainder or own the trust property. Her will directs the trustee to distribute income to Frederick for his lifetime. Only if this income, together with other income and resources available to Frederick, is "insufficient to provide for the proper support in his . . . accustomed manner of living" can the trustee distribute principal to Frederick.

Frederick also asserts that even if unascertained remaindermen have an interest in the trust property, under RCW 11.96A.120, the appointees Frederick may designate do not have a cognizable interest in the trust property that is capable of being represented. However, RCW 11.96A.120 does not indicate this. RCW 11.96A.120 specifically states,

> Where an interest has been given to a living person, and the same interest, or a share in it, is to pass to . . . distributees of the estate of that living person . . . , that living person may virtually represent . . . the distributees of the estate . . . , but only to the extent that there is no conflict of interest between the representative and the person(s) represented with regard to the particular question or dispute.[13]

This language shows that the unascertained remaindermen have a cognizable and separate interest in the trust property. It also states that a conflict

---

13 RCW 11.96A.120(7).

of interest arises between a beneficiary, like Frederick, and unascertained remaindermen, that prevents the living person from virtually representing the unascertained remaindermen. For instance,

> An example could involve an issue relating to principal distributions to a life beneficiary. If the life beneficiary does not have a vested interest in the entire trust corpus (e.g., the right to receive an outright distribution of the entire trust corpus at a designated age), his or her interests conflict with those of his or her successors—the remainder beneficiaries of the trust.[14]

Because Frederick does not have a vested interest in the entire trust property, a conflict of interest arises between Frederick and the unascertained remaindermen if Frederick attempts to exhaust the trust's funds. Frederick cannot represent this interest. Also, "the interest of the unborn, incompetent, or unknown beneficiaries may still be represented by a 'special representative' in a nonjudicial procedure," such as a guardian ad litem.[15]

So, contrary to Frederick's claim, the unascertained remaindermen do have a legally recognized interest, and a special representative may separately represent such interest.

---

[14] Flynn et al., 20 ACTEC NOTES at 141.
[15] Flynn et al., 20 ACTEC NOTES at 141.

## Attorney Fees

The Bank asks that this court award it fees and costs incurred both at the superior court level and on appeal as authorized by RCW 11.96A.150 and RAP 18.1(a). RCW 11.96A.150 states,

[A]ny court on an appeal may, in its discretion, order costs, including reasonable attorneys' fees, to be awarded to any party: (a) From any party to the proceedings; (b) from the assets of the estate or trust involved in the proceedings; or (c) from any nonprobate asset that is the subject of the proceedings. The court may order the costs, including reasonable attorneys' fees, to be paid in such amount and in such manner as the court determines to be equitable. In exercising its discretion under this section, the court may consider any and all factors that it deems to be relevant and appropriate, which factors may but need not include whether the litigation benefits the estate or trust involved.[16]

This lawsuit does not benefit Felecia's estate or the trust, and Frederick does not prevail. So we award attorney fees to the Bank as requested.

## CONCLUSION

We affirm. Because Felecia gave Frederick only a life interest and specifically gave any remainder to whomever Frederick appoints or as provided in his will, a separate remainder interest exists. And a special representative

---

[16] RCW 11.96A.150(1).

-9-

may represent that separate remainder interest. We award the Bank attorney fees and costs to be paid by Frederick.

Leach, J.

WE CONCUR:

Appelwick, C.J.